IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SERVICE ONE, LLC., | § | CASE NO. 22-40503 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING
CASH COLLATERAL USE AND GRANTING ADEQUATE PROTECTION**

**14-DAY NEGATIVE NOTICE – LBR 4001(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Service One, LLC (the "***Debtor***"), debtor and debtor in possession, files this *Motion for Interim and Final Orders Authorizing Cash Collateral Use and Granting Adequate Protection* (the "***Motion***") as follows:

**Jurisdiction, Venue, and Procedural Background**

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D), (K), (M), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court may grant the relief requested by this Motion pursuant to 11 U.S.C. §§ 105 and 363 and FED. R. BANKR. P. 4001(b).

3. On March 21, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition in this Court under Subchapter V of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*.

4. The Debtor is operating as debtor in possession under 11 U.S.C. §§ 1107 and 1108.

### Factual Background

5. The Debtor operates a construction business which acts as a general contractor in the renovation of residential properties, new home construction, roofing and the restoration of rental properties. As a part of its operations, the Debtor is required to pay for materials, subcontractors, employees, and other normal business expenses. The Debtor's corporate headquarters is located at 4801 Keller Springs Road, Addison, Texas 75001.

6. The Debtor has a need to utilize its cash collateral, cash, and accounts receivables in the operation of its business.

7. First Corporate Solutions ("***FCS***") recorded a first UCC financing statement filed on October 17, 2019, which asserts a lien against all assets, including all accounts, and account receivables. FCS filed the UCC financing statement in a representative capacity for BlueVine Capital Inc. ("***BlueVine***"). A copy of the BlueVine's UCC financing statements is attached hereto as **Exhibit "A"**.

8. The U.S. Small Business Association ("***SBA***") asserts a security interest in the Debtor's cash collateral by virtue of a Security Agreement corresponding to the Economic Injury Disaster Loan corresponding to the COVID-19 pandemic, in which the Debtor which pledged all assets, including all accounts, and account receivables, secured by a recorded UCC financing

statement filed on June 5, 2020. A copy of the SBA's UCC financing statements is attached hereto as **Exhibit "B"**.

9.  In order to operate, the Debtor must be able to use the cash in its bank accounts and the proceeds of its receivables to pay its employees and other expenses of operation. Such cash and proceeds are arguably the cash collateral of the SBA and BlueVine within the meaning of 11 U.S.C. § 363(a) ("*Cash Collateral*"). The SBA and BlueVine are the only two known parties to assert an interest in Cash Collateral. The addresses of the SBA and BlueVine are set forth in the Certificate of Service hereinbelow.

## Relief Requested

10. Pursuant to 11 U.S.C. §§ 361 and 363, the Debtor hereby seeks, *inter alia*, (a) interim authority to use Cash Collateral in accordance with the terms and conditions set forth herein, the budget attached hereto as **Exhibit "C"** (as may be supplemented from time to time, the "*Budget*"), and the proposed interim order attached hereto (the "*Interim Order*") granting (a) authority to use Cash Collateral on a final basis following the conclusion of a final hearing on this Motion; and (b) the grant of adequate protection to the SBA and BlueVine as more particularly set forth herein and in the Interim Order.

**A.   Immediate Need for Use of Cash Collateral**

11. The Debtor has an immediate need to use Cash Collateral, including cash proceeds, to pay its employees and other operating expenses. Without access to such funds, the Debtor will not be able to pay these expenses or continue to operate.

12. The Debtor requests interim authorization to use Cash Collateral as set forth in the Budget until a final order granting further use of Cash Collateral can be entered. Because the Debtor's request for interim authorization seeks the use of only that amount of Cash Collateral as

is necessary to avoid immediate and irreparable harm to the value of the estate pending a final hearing, its request complies with FED. R. BANKR. P. 4001(b)(2).

13. The Budget includes a list of business expenses that are reasonable and necessary and that must be paid until such time as a final hearing on the Motion can be held. The Debtor has also budgeted a carve out for administrative expenses of $1,500.00 each month. These business expenses are reasonable and necessary and must be paid until such time as the Debtor can reach confirmation.

14. The Debtor also requests that the Court authorize it to continue to use Cash Collateral on a final basis as set forth in the Budget.

**B.    Grant of Adequate Protection**

15. The Debtor proposes to adequately protect the interest of the SBA and BlueVine in any pre-petition collateral by granting the SBA and BlueVine replacement liens in estate property pursuant to 11 U.S.C. § 361(2) to the extent of any diminution in the value of interest in the Debtor's cash collateral as a result of the Debtor's use thereof, in the same amount, extent, validity and priority as those liens existing pre-petition (the "***Replacement Liens***"). The Debtor does not propose to grant any liens in avoidance actions under Chapter 5 of the Bankruptcy Code or the proceeds thereof.

**WHEREFORE, PREMISES CONSIDERED,** the Debtor respectfully requests that this Court enter an Order (a) authorizing, on an interim and final basis, the Debtor's use of the Cash Collateral; (b) granting adequate protection to the SBA as set forth herein and in the Interim Order; and (c) granting the Debtor such other and further relief to which it may be justly entitled.

Respectfully submitted,

**QUILLING, SELANDER, LOWNDS,**
 **WINSLETT & MOSER, P.C.**
2001 Bryan Street,  Suite 1800
Dallas, Texas 75201-4240
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
fpatel@qslwm.com (Email)

By:  */s/ Christopher J. Moser*
     Christopher J. Moser
     State Bar No. 14572500
     John Paul Stanford
     State Bar No. 19037350
     Frank (Faizan) S. Patel
     State Bar No. 24116882

**PROPOSED ATTORNEY'S FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2022, a true and correct copy of the foregoing instrument has been served via the Court's CM/ECF notification system on all parties in this case entitled to receive such notification, and by U.S. first class mail, postage prepaid, upon the parties listed below, and on those parties listed on the attached service list.

Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, Texas 75702

Mr. Patrick Turner
PlainsCapital Bank
6635 Cowboys Way, Suite 100
Frisco, Texas 75034

PlainsCapital Bank
1 Cowboy Way, Unit 250
Frisco, Texas 75034

Kristi Motley, Esq.
100 Crescent Court
7th Floor
Dallas, Texas 75201

Charles Tomasello
7936 Bishop Road
Plano, Texas 75024

American Express
P.O. Box 981535
El Paso, Texas 79998-1535

Home Depot Credit Services
P.O. Box 790340
St. Louis, Mo. 63179

Morosco Supply
P.O. Box 841183
Dallas, Texas 75284-1183

Trash Chomper, LLC
4801 Keller Springs Road
Addison, Texas 75001

John J. Mongogna, Esq.
Albin Oldner Law, PLLC
5665 Dallas Parkway, Suite 200
Frisco, Texas 75034

T. Chase Garrett, Esq.
Scheef & Stone, LLP
2600 Network Blvd., Suite 400
Frisco, Texas 75034

Patrick J. Schurr, Esq.
Scheef & Stone, LLP
2600 Network Blvd., Suite 400
Frisco, Texas 75034

Blue Vine Capital, Inc.
401 Warren Street
Redwood City, CA 94063

U.S. Small Business Administration
10737 Gateway West #300
El Paso, Texas 79935

Sandra Perry
9201 Warren Parkway, Suite 200
Frisco, Texas 75035

Hernandez Multi Contracting, LLC
4801 Keller Springs Road
Addison, Texas 75001

MFS Supply
31100 Solon Road, Suite 16
Solon, Ohio 44139

Sherwin Williams
909 Gross Road
Mesquite, Texas 75149

First Corporate Solutions
914 S Street
Sacramento, CA 95811

Bluevine Capital, Inc.
401 Warren St., FL 3
Redwood City, CA 94063

Office of the Attorney General
Main Justice Building, Room 5111
10th Street & Constitution Ave., N.W.
Washington, DC 20530

U.S. Small Business Administration
10737 Gateway West #300
El Paso, TX 79935

BlueVine Capital, Inc.
c/o Vcorp Services, LLC
9427 Glenfield Court
Houston, TX 77096

 */s/ Christopher J. Moser*