IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SERVICE ONE, LLC., | § | CASE NO. 22-40503 |
| | § | (Chapter 11) |
| DEBTOR | § | |

### INTERIM ORDER AUTHORIZING
### CASH COLLATERAL USE AND GRANTING ADEQUATE PROTECTION

On this day came on for consideration the *Motion for Interim and Final Orders Authorizing Cash Collateral Use and Granting Adequate Protection* (the "*Cash Collateral Motion*")[1] filed on April 21, 2022 by Service One, LLC, debtor and debtor-in possession (the "*Debtor*"), seeking authority to use the Cash Collateral of BlueVine Capital Inc. ("*BlueVine*") and the U.S. Small Business Association (the "*SBA*"), pursuant to 11 U.S.C. § 363, in accordance with the terms and conditions set forth herein and the budget attached (the "*Budget*") to hereto as Exhibit "A". Based upon the pleadings and evidence before the Court, the Court hereby grants the relief herein, on a final basis, pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure. The Court concludes that entry of this Final Order is in the best interest of the Debtor, its estate, and the estate's creditors, as its implementation will, inter alia, allow for the continued operation and preservation of the going concern value of the Debtor's business **IT IS THEREFORE,**

**ORDERED** that the Debtor is hereby authorized to use, on a final basis, the Cash Collateral and proceeds thereof in which BlueVine and the SBA asserts a lien position in accordance with the terms and conditions provided in this Final Order and the attached Budget. **IT IS FURTHER,**

**ORDERED** that BlueVine is hereby granted replacement liens as adequate protection pursuant to 11 U.S.C. §§ 361(2) and 552 to the extent of any diminution in value of BlueVine's

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Cash Collateral Motion.

interest in such Cash Collateral as a result of the Debtor's use thereof, in accordance with existing priority (the "*BlueVine Replacement Liens*"). **IT IS FURTHER**

**ORDERED** that the SBA is hereby granted replacement liens as adequate protection pursuant to 11 U.S.C. §§ 361(2) and 552 to the extent of any diminution in value of the SBA's interest in such Cash Collateral as a result of the Debtor's use thereof, in accordance with existing priority (the "*SBA Replacement Liens*"). **IT IS FURTHER,**

**ORDERED** that the BlueVine Replacement Liens and the SBA Replacement Liens under this Order are in the same amount, extend, validity and priority as those liens existing pre-petition and that no filing, recording, or other acts in accordance with any applicable local, state, or federal law, rule, or regulation are necessary to perfect the BlueVine Replacement Liens and the SBA Replacement Liens. **IT IS FURTHER,**

**ORDERED** that the Debtor shall not, without prior authorization of this Court, use any Cash Collateral to pay, discharge, provide security for, or reduce any prepetition debt or obligation owed by the Debtor to any creditor or other person, except in accordance with the attached Budget approved herein. **IT IS FURTHER,**

**ORDERED**, in addition to the items on the Budget, the Debtor may pay to the Subchapter V Trustee and to the Bankruptcy Clerk any fees assessed by either, and any payments hereafter authorized by the Court to (i) QSLWM, P.C. in its capacity as Debtor's proposed counsel, and (ii) adequate protection payments to secured creditors. **IT IS FURHTER,**

**ORDERED** that the Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Final Order necessary to allow the Debtor to use Cash Collateral subject to the terms of this Order in the amounts and for the expenses set forth on the Budget and the Subsequent Budgets.