Patrick J. Schurr
State Bar No. 17853530
Patrick.schurr@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Boulevard, Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150

ATTORNEYS FOR CHARLES TOMASELLO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SERVICE ONE LLC, | § | CASE NO. 22-40503-BTR-11 |
| | § | |
| | § | HEARING DATE AND TIME: |
| Debtor. | § | APRIL 28, 2022 @ 10:00 A.M. |

**CHARLES TOMASELLO'S COMMENT AND LIMITED OBJECTION
TO PLAINSCAPITAL BANK'S RESPONSE TO DEBTOR'S EMERGENCY
MOTION TO RELEASE FREEZE ON FUNDS IN DEBTOR'S ACCOUNTS**
**[ECF NOS. 13 and 19]**

COMES NOW Charles Tomasello ("Tomasello") and would show the Court as

follows:

I.

1.      Charles Tomasello is a fifty percent member in the Debtor, Service One

LLC, who was wrongfully terminated as chief financial officer ("CFO") by the Debtor's

current management prior to the filing of this bankruptcy proceeding.

II.

2.      Tomasello admits the allegations of paragraph one of PlainsCapital Bank's

Response to the Emergency Motion of the Debtor Service One LLC to Release Freeze on

Funds in Debtor's Bank Accounts [ECF No. 19] (the "Response").

3.      Paragraph two of the Response does not require a reply by Tomasello.

4.      In reply to paragraph three of the Response, Tomasello would show the

Court that while he was CFO of Service One, LLC, there were multiple accounts at

PlainsCapital Bank (the "Bank"), including but not limited to the primary operating

account ending in 3000 and another operating account ending in 1888 (the "Known

Accounts").  True and correct copies of the Known Account balances are attached hereto

as Exhibits "A" and "B" and incorporated herein.  Tomasello has access to these Known

Accounts, however, as reflected in Exhibit "A" over $600,000 was transferred by the

Debtor's current management to an account ending in 7200 (the "New Account") to

which Debtor's current management excluded Tomasello from access thereto.

5.      Tomasello questions the Bank's response in paragraph 4 of the Response as

the Bank should be aware of what checks have been presented for payment and what

checks it has refused to honor during its self-imposed freeze on Debtor's bank accounts.

6.      Paragraph five of the response requires no reply from Tomasello.

7.      Tomasello denies the allegations of paragraph six of the Response as the

Bank has failed to relinquish control over the Debtor's bank accounts upon the filing of

this proceeding contending it is entitled to fees for an interpleader it has not filed.

8.      Tomasello denies the allegations of paragraph seven of the Response as

equity requires clean hands of the Bank to involve such relief.

9.      Tomasello is without sufficient knowledge to admit or deny the allegations

of paragraph eight of the Response as no deposit agreement s are attached to the

Response nor provided in the Bank's exhibit and witness list for this hearing today [ECF

No. 23].

10.     Tomasello is without sufficient knowledge to admit or deny the allegations

of paragraph nine of the Response and acknowledges that the emails attached to the

Response as Exhibit 1 are the best evidence of their terms and conditions.

11.     Tomasello admits that on April 22, 2022, counsel for Tomasello and the

Debtor discussed appointing a trustee in this case in an effort to obtain the funds frozen

by the Bank and discussed the Bank's alleged interpleader and demand for attorneys'

fees from the funds frozen by the Bank.  Tomasello further acknowledges that the emails

attached to the Response as Exhibit 2 are the best evidence of their terms and conditions.

12.     Tomasello denies the allegations of paragraph eleven of the Response.

WHEREFORE, PREMISES CONSIDERED, Charles Tomasello respectfully

requests that the Court order PlainsCapital Bank to release the freeze on all accounts of

the Debtor and to authorize the Subchapter V trustee, Mark Weisbart, immediate and

unfettered access to the accounts of the Debtor; and that any right of recoupment or offset

asserted by PlainsCapital Bank be the subject of a proper pleading and provide notice to

all parties to respond thereto and for such other relief as is just and proper.

Respectfully submitted this the 28th day of April, 2022.

SCHEEF & STONE, L.L.P.
2600 Network Boulevard
Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150

By: /s/ Patrick J. Schurr
    Patrick J. Schurr
    State Bar No. 17853530
    Email: patrick.schurr@solidcounsel.com

ATTORNEYS FOR CHARLES TOMASELLO

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for the Debtor, the Subchapter V trustee and his counsel, and any parties requesting notice herein, via electronic means, on this the 28th day of April, 2022.

    /s/ Patrick J. Schurr