# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>SERVICE ONE LLC<br><br>Debtor | Case No. 22-40503<br>Chapter 11 |

## TRUSTEE'S MOTION FOR AUTHORITY TO
## REJECT UNEXPIRED REAL PROPERTY LEASE

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

COMES NOW Mark A. Weisbart, the Subchapter V Trustee of Service One, LLC (the "Trustee") files this Motion for Authority to Reject Unexpired Real Property Lease (the "Motion"), pursuant to sections 105(a) and 365 and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code") and Rules 6006(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order (i) authorizing the Debtor to reject the Lease (as defined below) effective of as April 29, 2022, or the date of filing of this Motion and (ii) granting certain related relief. In support of relief requested, the Debtor respectfully represents the following:

### I. JURISDICTION AND VENUE

1.  The Court has jurisdiction over this bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter involves the rejection of an executory

contract pursuant to 11 U.S.C. § 365; thus, it constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in the Motion are Bankruptcy Code Sections 105(a) and 365 and Bankruptcy Rule 6006(d).

## II. PROCEDURAL AND FACTUAL BACKGROUND

4. On April 21, 2022 (the "Petition Date"), Service One, LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor's corporate headquarters is located at 4801 Keller Springs Road, Addison, Texas 75001. As reflected on the Petition, the Debtor chose to proceed under Subchapter V of Chapter 11 in accordance with section 1182 of the Bankruptcy Code (the "SubV Designation"). Thereafter, Mark A. Weisbart was appointed the Subchapter V Trustee for this case pursuant to section 1183 of the Bankruptcy Code.

5. As disputes existed between the Debtor's two members, Sandra Perry ("Perry") and Charles Tomasello ("Tomasello," and with Perry, the "Members") each of whom own a 50% membership interest in the Debtor, the Debtor on April 25, 2022, filed its *Motion to Remove the Debtor from Possession and Authorize Subchapter V Trustee to Operate the Business of the Debtor* ("Removal Motion") seeking to be removed as a debtor-in-possession pursuant to section 1185 of the Bankruptcy Code and requested that the Trustee be authorized to manage and operate the Debtor's business pursuant to section 1183(b)(5).

6. By order entered on April 28, 2022, the Court approved the Removal Motion and vested the Trustee with authority to manage and operate the Debtor's business.

7. The Debtor operates a construction business which acts as a general contractor in the renovation of residential properties, new home construction, roofing and the restoration of

rental properties.

8. As of the Petition Date, the Debtor, as tenant, leased 1,065 square feet of space located at 4839A Keller Springs, Addison, TX 75001 (the "Space") as assignee of a certain Office/Showroom/Warehouse Lease Agreement entered by and between Addison-Keller Springs, Ltd., as landlord, and Fab Maid Clean, LLC, as tenant, dated December 14, 2020 (the "Initial Lease") as extended and assigned to the Debtor through an Addendum to the Lease Agreement between Addison-Keller Springs, landlord, and Fab Maid Clean, LLC, tenant and Service One, LLC, as assuming tenant, executed on November 22, 2021 (the "Addendum," and with the Initial Lease hereinafter referred to as, the "Lease"). The Lease expires on December 31, 2022. Under the Lease the Debtor pays monthly basic rent of $843.00 plus an electric charge of $150.00 and an estimated CAM charge which, as of execution of the Addendum, was $293.00 (collectively, the "Lease Costs").

9. Currently, the Debtor is not utilizing the Space in its business other than as a storage space for a few pieces of office furniture. Moreover, the Space is not necessary for the continued or future business operations or for an effective reorganization of the Debtor.

10. Upon information and belief, the Landlord has a party interested in the Space and would, upon the Lease's rejection, re-lease the Space.

11. Accordingly it is the Trustee's sound business judgment that the Lease constitutes a significant burden and hindrance to the reorganization effort for the Debtor and that rejection of the Lease would substantially benefit the bankruptcy estate and his creditors.

### III. RELIEF REQUESTED

12. By this Motion, the Trustee requests entry of an order, substantially in the form of the Proposed Order, authorizing and approving the rejection of the Lease effective as of April 29,

2022, or the date of filing of this Motion, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006(d). Trustee, in an exercise of his sound business judgment, has determined that rejection of the Lease will enhance efforts to successfully reorganize the Debtor's financial affairs, reduce the Debtor's liabilities, provide greater recovery to creditors and for it to exit bankruptcy on a more stable financial foundation. Given these benefits the Trustee believes that rejection of the Lease is in the best interests of Debtor's bankruptcy estate, its creditors, and other parties-in-interest.

## IV. ARGUMENT AND AUTHORITY

### A. Rejection of the Lease is an Exercise of the Trustee's Sound Business Judgment

13. A trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease[.]" See, 11 U.S.C. § 365(a).

14. Ultimately, the question of whether to assume or reject an unexpired lease is based on whether the lease benefits the bankruptcy estate.[1] A trustee's decision to reject an unexpired executory contract or lease is governed by the deferential "business judgment" standard.[2] Under

---

[1] *Mission Product*, 587 U.S. ___, 139 S.Ct. at 1658 ("Section 365(a) enables the debtor (or its trustee), upon entering bankruptcy, to decide whether the contract is a good deal for the estate going forward. If so, the debtor will want to assume the contract, fulfilling its obligations while benefiting from the counterparty's performance. But if not, the debtor will want to reject the contract, repudiating any further performance of its duties.

[2] *Id.* ("The bankruptcy court will generally approve [debtor's] choice, under the deferential 'business judgment' rule"); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)) ("[Section 365(a)] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed."); *In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr.N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment.") (internal citations omitted); *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046–47 (4th Cir. 1985) (a debtor's decision to reject an executory contract can only be overturned if it "is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice").

the business judgment standard, courts "should defer to . . . decisions of corporate directors upon matters entrusted to its business judgment except upon a finding of bad faith or gross abuse of its 'business discretion.'"[3] Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not."[4]

15. Where the trustee's business judgment has been reasonably exercised, the court should approve the rejection of the Lease. Courts do not generally look beyond the "business judgment" standard because "[m]ore exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of the administration of the estate, and threaten the court's ability to control a case impartially."[5]

16. Here, the Trustee's decision to reject the Lease is an appropriate exercise of his business judgment as rejection will significantly reduce the financial burdens on the Debtor's bankruptcy estate. First, the Space is not used in nor is it integral to the Debtor's current or continuing business operations it provides no benefit to the estate. Thus, it makes sense for the Debtor's estate to incur and pay the Lease Costs when the Lease provides the estate no value in return. Second, the Trustee does not believe the Lease has any marketable value that could be

---

[3] *Lubrizol*, 756 F.2d at 1047. The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"), *aff'd*, 465 U.S. 513.

[4] *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs.,Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

[5] *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

generated through assumption and assignment. Accordingly, the Debtor's estate's continued performance under the Lease would constitute an unnecessary depletion of value of the Debtor's estate.

17. Trustee, having evaluated the Lease and weighing the costs and benefits of the obligations of same, has concluded that it's in the best interest of the Debtor's bankruptcy estate and an exercise of his business judgment to reject the Lease. Accordingly, the Trustee's request seeking rejection of the Lease should be approved.

**B. Rejection of the Lese *Nunc Pro Tunc* to the April 29, 2022, or the Date of Filing of this Motion**

18. The Trustee further requests that the Court order the rejection of the Lease *nunc pro tunc* effective as of April 29, 2022, or the date of the filing of this Motion.

19. While section 365 of the Bankruptcy Code does not specifically address the issue, courts have held that bankruptcy courts may, based on the equities of the circumstances, authorize rejection retroactive to a date prior to entry of the order authorizing such rejection.[6] The balancing of equities favors the relief requested herein.

---

[6] *See, e.g.*, *In re Amber's Store, Inc.*, 193 B.R. 819,826-27 (Bankr. N.D. Tex. 1996) ("nothing precludes a bankruptcy court, based on the equities of the case, from approving the . . . rejection of a non-residential real property lease retroactively to an earlier date"); *In re Cafeteria Operators, L.P.*, 299 B.R. 384 (Bankr. N.D. Tex. 2003) (approving retroactive rejection to the later of the date the motion to reject was filed or the date that the leased spaces were vacated); *In re At Home Corp.*, 392 F.3d 1064, 1065 (9th Cir. 2004), cert. denied 546 U.S. 814 (2005) ("the retroactive date may be earlier than the date on which the landlord retakes possession of the premises"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (after balancing the equities, a bankruptcy court may approve a rejection retroactive to the date the motion is filed); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection has been allowed nunc pro tunc to the date of the motion or the date the premises were surrendered); *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (noting that "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *Constant Ltd. Partnership v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

20. Here, the balance of the equities favors rejection *nunc pro tunc* to April 29, 2022, or the date of filing of this Motion. As set forth above, the Lease provides no benefit to the bankruptcy estate, but rather imposes a financial burden. Absent retroactive rejection, the bankruptcy estate could be forced to incur unnecessary administrative charges and obligations under the Lease without obtaining any corresponding tangible benefit. By email on April 29, 2022, the Trustee communicated to Landlord his intention to reject the Lease. The Debtor will not derive any benefit from the Lease after such notification. Accordingly, the Trustee respectfully submits that it is fair and equitable for the Court to hold that the Lease is rejected *nunc pro tunc* to April 29, 2022, or the date this Motion was filed.

## V. RULE 6006(d) WAIVER

21. In addition to the relief requested and described above, the Trustee respectfully requests that any order approving this Motion be effective immediately, thereby waiving the fourteen-day stay period imposed by FED.R.BANKR.P. 6006(d).

## VI. PRAYER

WHEREFORE, Mark A. Weisbart, the Subchapter V Trustee of Service One, LLC, respectfully requests that the Court enter an order (i) granting the Motion; (ii) authorizing him to reject the Lease pursuant to Section 365(a) of the Bankruptcy Code; and (iii) granting him such other and further relief to which he may be justly entitled.

Respectfully submitted,

/s/ James S. Brouner
Mark A. Weisbart
Texas Bar No. 21102650
James S. Brouner
Texas Bar No. 03087285
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, TX 75231
(972) 755-7103 Phone/Fax
MWeisbart@HaywardFirm.com
JBrouner@HaywardFirm.com

**COUNSEL FOR SUBCHAPTER V TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the attached mailing matrix, as well as to the below parties, either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 2nd day of May 2022.

Dryden Company
c/o John S. Dryden
PO Box 2189
Addison, Texas 75001

Dryden Company
c/o John S. Dryden
4849 Keller Springs
Addison, Texas 75001

46 Corp, GP of Addison-Keller Springs, Ltd.
c/o Suzanna Dryden Jensen, VP
4849 Keller Springs
Addison, Texas 75001

Addison-Keller Springs, Ltd.
PO Box 2189
Addison, Texas 75001

46 Corp, GP of Addison-Keller Springs, Ltd.
c/o Suzanna Dryden Jensen, VP
PO Box 2189
Addison, Texas 75001

Fab Maid Clean, LLC
c/o Sandra Perry
4901 Keller Springs, Suite 105
Addison, Texas 75001

/s/ James S. Brouner
James S. Brouner

Label Matrix for local noticing
0540-4
Case 22-40503
Eastern District of Texas
Sherman
Mon May  2 13:55:28 CDT 2022

22 Rose Street LLC
4901 Keller Springs Road, #105
Addison, TX 75001-6238

7 Sky Roofing
Attn: Brendan O'Connor
6302 Windcrest Drive, # 925
Plano, TX 75024-3013

7 Sky Roofing
Attn: Brendan O'Connor
6302 Windcrest Drive, #925
Plano, TX 75024-3013

ADR Plumbing Co.
Attn: Paul Brake
3324 Welch Lane
Sachse, TX 75048-3187

AMDG Consultants, LLC
8711 S. FM 148
Scurry, TX 75158-2525

AME G.C., LLC
1671 River View Dr., #B207
Lewisville, TX 75056-4813

AR Multiple Services
6519 Linden Lane
Dallas, TX 75230-1409

Aaron Atwell
PO Box 151
6637 W. Hwy 199
Springtown, TX 76082-5147

Action Plumbing
121 Touchstone Road
Wylie, TX 75098-7528

Addison-Keller Springs, Ltd.
c/o Dryden Company
Attn: Erik Jensen
4849 Keller Springs
Addison, TX 75001-5912

William Todd Albin
5665 Dallas Parkway, Suite 200
Frisco, TX 75034-7373

Alfredo Gallardo
2608 Squire Place
Dallas, TX 75234-4775

American Express
Customer Service
PO Box 981535
El Paso, TX 79998-1535

American Express
PO Box 981535
El Paso, TX 79998-1535

Angel Carrillo
1205 Hillcrest St., 1221
Mesquite, TX 75149-2103

Annie Olachia
1027 Grandview Ave.
Dallas, TX 75223-1515

Arbor Contract Carpet, Inc.
PO Box 675096
Dallas, TX 75267-5096

Atwell Heat & Air
PO Box 151
Springtown, TX 76082-0151

Beauty Lounge Inc.
9201 Warren Parkway, Suite 200
Frisco, TX 75035-6242

Bezaleel Hernandez
1306 W Lavander Ln.
Arlington, TX 76013-5018

Blue Cross Blue Shield of TX
PO Box 650615
Dallas, TX 75265-0615

(p)BLUEVINE ANDY SHAW
ATTN BLUEVINE/ANDY SHAW
401 WARREN ST SUITE 300
REDWOOD CITY CA 94063-1578

Brandon Vega
510 Lydia Ct.
Irving, TX 75061-6261

Bryan N. Vega
510 Lydia Ct.
Irving, TX 75061-6261

Bryan Ramirez
3210 Konet St.
Irving, TX 75060-4815

Charles Tomasello
7936 Bishop Rd.
Plano, TX 75024-4016

Christopher Johnson
701 Skelly St.
Crowley, TX 76036-2315

(p)CITY OF DALLAS
C O CITY SECRETARYS OFFICE
DALLAS CITY HALL
1500 MARILLA STREET ROOM 5D SOUTH
DALLAS TX 75201-6390

City of Grand Prairie
300 W. Main Street
Grand Prairie, TX 75050-5621

| | | |
|---|---|---|
| Creations Granite & Marble<br>1726 Oldfield Dr.<br>Dallas, TX 75217-1433 | Cristian Alexander Aparicio<br>1035 Bigwood St.<br>Dallas, TX 75211-2534 | Dallas County<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o Laurie A. Spindler<br>2777 N. Stemmons Frwy<br>Suite 1000<br>Dallas, TX 75207-2328 |
| Dallas County<br>Linebarger, Goggan, Blair & Sampson, LLP<br>c/o Laurie A. Spindler<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207-2328 | Damaris Prock<br>2116 Navada Way<br>Justin, TX 76247-6723 | Daniel Grigsby<br>927 Willow Circle N<br>Burleson, TX 76028-5122 |
| Danny Tipton<br>604 Blevins<br>Fort Worth, TX 76111-4704 | (p)DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 | Michael Durrschmidt<br>1415 Louisiana, 36th Floor<br>Houston, TX 77002-7360 |
| Dustin Barnes<br>1708 Usa Drive<br>Plano, TX 75025-2650 | Epifanio Gonzalez<br>13354 Emily Rd.<br>Dallas, TX 75240-5978 | Ferguson<br>PO Box 847411<br>Dallas, TX 75284-7411 |
| First Corporate Solutions<br>914 S. Street<br>Sacramento, CA 95811-7025 | Fix It Right Plumbing<br>PO Box 1201<br>Burleson, TX 76097-1201 | GE Appliances<br>PO Box 840136<br>Dallas, TX 75284-0136 |
| Gerardo Marquez Calahorra<br>1116 Rice Street<br>Grand Prairie, TX 75050-5961 | Glass FX, LLC<br>1671 Riverview Dr.<br>Colony, TX 75056-4813 | Goodman Distribution<br>4800 Keller Springs Road<br>Addison, TX 75001-6053 |
| Guadalupe Buendia-Bocanegra<br>2236 Meadowlark<br>Irving, TX 75060-7236 | Hazael Fernando Miranda<br>602 Ashby Court<br>Allen, TX 75002-4711 | Hernandez Multi Contracting LLC<br>4801 Keller Springs Rd.<br>Addison, TX 75001-5912 |
| Home Depot Credit Services<br>PO Box 790340<br>St. Louis, MO 63179-0340 | Insco Distributing, Inc<br>12501 Network Blvd.<br>San Antonio, TX 78249-3306 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Jacobo Garza<br>8814 Cardella Ave.<br>Dallas, TX 75217-4241 | Jesus Contreras<br>900 Via Balboa<br>Mesquite, TX 75150-3014 | Jill Woodruff<br>500 Energy Way, Apt. #2121<br>Fort Worth, TX 76102-2699 |
| John Mongogna<br>Albin & Oldner<br>5665 Dallas Parkway, Suite 200<br>Frisco, TX 75034-7373 | Jorge Artunduaga<br>5711 Preston Oaks Rd.<br>Dallas, TX 75254-9000 | Jose Manuel Muoz<br>900 Via Balboa<br>Mesquite, TX 75150-3014 |

| | | |
|---|---|---|
| Jose Portillo<br>2901 Runnels St.<br>Fort Worth, TX 76106-7459 | Jose Rodriguez<br>119 Virginia St.<br>Irving, TX 75061-7558 | Juan A. Chavez<br>9600 Wickersham Road, Apt. 1143<br>Dallas, TX 75238-3173 |
| Juan Carlos Flores<br>9622 Rolling Rock Lane, 270E<br>Dallas, TX 75238-3048 | Juan Guevara<br>2420 Cambridge Dr.<br>Irving, TX 75061-6606 | Julio Jimenez<br>4605 Carr St.<br>The Colony, TX 75056-3124 |
| Justin Braden<br>123 Sandlewood Ln.<br>Burleson, TX 76028 | Koetke Consulting LLC<br>120 N South Rd., Unit C<br>PMB 162<br>North Conway, NH 03860-5267 | Landers Carpet Care<br>946 Fairlawn Dr.<br>Duncanville, TX 75116-3004 |
| Larry Wendt<br>3232 E. Adams, Apt. 27<br>Arlington, TX 76010 | Luis Nolasco<br>2641 W. Northgate Drive<br>Irving, TX 75062 | Lupita Chavez<br>109 Centennial Drive<br>Lewisville, TX 75067-4513 |
| M S International, Inc.<br>12845 Valley Branch Lane<br>Farmers Branch, TX 75234-5813 | M&C Multiservices LLC<br>6224 Kentwood Place<br>Fort Worth, TX 76112-3126 | MFS Supply<br>31100 Solon Road, Suite 16<br>Solon, OH 44139-3463 |
| Maria G. Chaidez/M&M Remodeling<br>3304 Rolling Hills Lane<br>Grand Prairie, TX 75052-7069 | Maria Martinez<br>2206 San Pablo Dr.<br>Dallas, TX 75227-8738 | Mario Guapo<br>930 Town Square<br>Princeton, TX 75407-8902 |
| Merit Professional Services<br>PO Box 271712<br>Flower Mound, TX 75027-1712 | Mitchell Holder<br>3762 Ashley Ct.<br>Fort Worth, TX 76123-1301 | Morosco Supply<br>PO Box 841183<br>Dallas, TX 75284-1183 |
| Christopher J. Moser<br>Quilling Selander Lownds Winslett Moser<br>2001 Bryan Street<br>Suite 1800<br>Dallas, TX 75201-3070 | Nace & Motley, LLP<br>Attn: Kristi Motley<br>100 Crescent Court, 7th Floor<br>Dallas, TX 75201-6900 | Nathan Sanders<br>124 Woolard Drive<br>Alvarado, TX 76009-8009 |
| National Contract Flooring<br>PO Box 21437<br>Little Rock, AR 72221-1437 | Nortier Engineering Consultants LLC<br>1902 Forest Glen Lane<br>Weatherford, TX 76087-8758 | NxTGen<br>PO Box 271152<br>Dallas, TX 75227-1152 |
| Octavio's Cabinets<br>1503 E. Mitchell<br>Arlington, TX 76010-3005 | Office of the U.S. Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702-7231 | Oliverio Lima<br>506 Alto Drive<br>Garland, TX 75040-8019 |

| | | |
|---|---|---|
| Omar Miranda<br>10905 Damon Lane<br>Dallas, TX 75229-3839 | Faizan (Frank) S. Patel<br>Quilling Selander Lownds Winslett Moser<br>2001 Bryan Street<br>Ste 1800<br>Dallas, TX 75201-3070 | Patrick Schultz<br>4321 Belvedere Drive<br>Plano, TX 75093-6966 |
| Plains Capital Bank<br>1 Cowboys Way, Unit 250<br>Frisco, TX 75034-2002 | PlainsCapital Bank<br>c/o Hirsch & Westheimer, P.C.<br>1415 Louisiana St.<br>Suite 3600<br>Houston, TX 77002-7394 | Procraft Cabinetry<br>2330 Alberta Dr., Ste. 100<br>Dallas, TX 75229-2063 |
| RM Interiors TX LLC<br>2925 N. Norwalk<br>Mesa, AZ 85215-1131 | Riley O'Connor<br>6302 Windcrest Drive, Apt. #925<br>Plano, TX 75024-3013 | Ronnie Ramos<br>18210 Village Drive<br>Saucier, MS 39574-6510 |
| Rosa Jimenez<br>300 North Booth Calloway Road, #208<br>Hurst, TX 76053-7241 | Ryan Haggard<br>324 Jasmine Ct.<br>Burleson, TX 76028-5311 | S&A Backhoe & Septic Service LLC<br>106 Mesa Street<br>Weatherford, TX 76086-4671 |
| Marcus Salitore<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702-7231 | Salvador Garcia (Fernando)<br>4807 North Colony<br>The Colony, TX 75056 | Sandra Perry<br>9201 Warren Parkway, Suite 200<br>Frisco, TX 75035-6242 |
| Scheef & Stone, LLP<br>Attn: T. Chase Garrett<br>2600 Network Blvd., Suite 400<br>Frisco, TX 75034-6010 | Patrick J. Schurr<br>Scheef & Stone, L.L.P.<br>2600 Network Boulevard<br>Suite 400<br>Frisco, TX 75034-6010 | Section Stack<br>2920 Telecom Parkway, #125<br>Richardson, TX 75082-0273 |
| Service One, LLC<br>4801 Keller Springs Road<br>Addison, TX 75001-5912 | Sherwin Williams (6288-6)<br>909 Gross Road<br>Mesquite, TX 75149-2100 | Sherwin Williams (7487-2)<br>909 Gross Road<br>Mesquite, TX 75149-2100 |
| Laurie A. Spindler<br>Linebarger, Goggan, Blair & Sampson<br>2777 N. Stemmons Frwy Ste 1000<br>Dallas, TX 75207-2328 | Star Window Coverings LLC<br>2030 East Arbrook Blvd., Ste. 180<br>Arlington, TX 76014-3798 | Stephen Rios<br>6322 Meadowcrest Lane<br>Sachse, TX 75048-5512 |
| (p)TXU ENERGY RETAIL COMPANY LP<br>CO BANKRUPTCY DEPARTMENT<br>PO BOX 650393<br>DALLAS TX 75265-0393 | TaskEasy, Inc.<br>669 S. West Temple, Suite 300<br>Salt Lake City, UT 84101-2725 | Texas Appliance & Builder Supply<br>1500 East Interstate 20<br>Arlington, TX 76018-4801 |
| Tina Lewandowski<br>1544 Hickory Trail<br>Allen, TX 75002-4517 | Charles Tomasello<br>c/o Jon Strain<br>SCHEEF & STONE, LLP<br>2600 Network Boulevard<br>Suite 400<br>Frisco, TX 75034-6010 | Toni Glowinski<br>10429 W. Palmer Ave.<br>Melrose Park, IL 60164-1845 |

| | | |
|---|---|---|
| Torio Construction LLC<br>3239 Torio<br>Grand Prairie, TX 75054-6780 | Trash Chomper LLC<br>4801 Keller Springs Road<br>Addison, TX 75001-5912 | Two Js Tree and Maintenance<br>Attn: Juan Arreozola<br>2625 Riviera Drive<br>Garland, TX 75040-4332 |
| U Fix It Appliance Parts<br>4621 South Cooper Street, #127<br>Arlington, TX 76017-5856 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | U.S. Small Business Administration<br>10737 Gateway West, #300<br>El Paso, TX 79935-4910 |
| U.S. Small Business Administration<br>409 Third St., SW<br>Washington, DC 20416-0002 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | Mark A WEISBART (SBRA V)<br>Subchapter V Trustee<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 |
| WEX Fleet Universal<br>PO Box 4337<br>Carol Stream, IL 60197-4337 | Waterfall Bath Enclosures<br>1312 W. Crosby Rd.<br>Carrollton, TX 75006-6908 | White's & Sons<br>DBA All Pro Pest Control Services<br>2533 Franklin Drive, Suite 2B<br>Mesquite, TX 75150-6310 |
| William Adams<br>1002 East Business 380<br>Decatur, TX 76234-3152 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| BlueVine Capital Inc.<br>401 Warren Street<br>Redwood City, CA 94063 | City of Dallas<br>City Hall 2D, South<br>Dallas, TX 75277 | Dell Financial<br>One Dell Way<br>Round Rock, TX 78682 |
| TXU Energy<br>PO Box 650638<br>Dallas, TX 75265 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)ADR Plumbing Co.<br>Attn: Paul Brake<br>3324 Welch Lane<br>Sachse, TX 75048-3187 | (d)Arbor Contract Carpet, Inc.<br>PO Box 675096<br>Dallas, TX 75267-5096 | (d)Creations Granite & Marble<br>1726 Oldfield Dr.<br>Dallas, TX 75217-1433 |

| | | |
|---|---|---|
| (d)Ferguson<br>PO Box 847411<br>Dallas, TX 75284-7411 | (d)Fix It Right Plumbing<br>PO Box 1201<br>Burleson, TX 76097-1201 | (d)Glass FX, LLC<br>1671 Riverview Dr.<br>Colony, TX 75056-4813 |
| (d)Hernandez Multi Contracting LLC<br>4801 Keller Springs Rd.<br>Addison, TX 75001-5912 | (d)Home Depot Credit Services<br>PO Box 790340<br>St. Louis, MO 63179-0340 | (d)Jesus Contreras<br>900 Via Balboa<br>Mesquite, TX 75150-3014 |
| (d)Jose Portillo<br>2901 Runnels St.<br>Fort Worth, TX 76106-7459 | (d)M S International, Inc.<br>12845 Valley Branch Lane<br>Farmers Branch, TX 75234-5813 | (d)MFS Supply<br>31100 Solon Road, Suite 16<br>Solon, OH 44139-3463 |
| (d)Morosco Supply<br>PO Box 841183<br>Dallas, TX 75284-1183 | (u)Sandra Perry | (d)Sherwin Williams (6288-6)<br>909 Gross Road<br>Mesquite, TX 75149-2100 |
| (d)Sherwin Williams (7487-2)<br>909 Gross Road<br>Mesquite, TX 75149-2100 | (d)Star Window Coverings LLC<br>2030 East Arbrook Blvd., Ste. 180<br>Arlington, TX 76014-3798 | (d)Trash Chomper LLC<br>4801 Keller Springs Road<br>Addison, TX 75001-5912 |

End of Label Matrix  
Mailable recipients   132  
Bypassed recipients    18  
Total                 150