**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br><br>SERVICE ONE LLC<br><br>Debtor | Case No. 22-40503<br>Chapter 11 |

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY**
**TO REJECT UNEXPIRED REAL PROPERTY LEASE**

Upon the Motion[1] of Mark A. Weisbart, the Subchapter V trustee of Service One, LLC (the "Trustee"), for entry of this Order pursuant to Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006(d) authorizing and approving the Trustee's rejection of the Lease; and the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing, and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interest of the Debtor's estate, his creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted as set forth herein.

---

[1] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

2. The Lease is hereby rejected, and such rejection shall be effective *nunc pro tunc* to April 29, 2022.

3. Any claims based on the rejection of the Lease shall be filed in no later than the thirtieth (30th) day from entry of this Order.

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtor's bankruptcy estate, the creation of an administrative priority claim on account any pre-petition obligation under the Lease.

5. Notice of the Motion as provided herein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6006(c) and the Local Rules.

6. Notwithstanding the possible applicability of Bankruptcy Rule 6006(d), this order shall be immediately effective and enforceable upon its entry.

7. The Trustee is authorized to take any and all actions necessary to effectuate the relief granted pursuant to this order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

IT IS SO ORDERED.