# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>SERVICE ONE LLC<br><br>Debtor | Case No. 22-40503<br>Chapter 11<br>(Subchapter V) |

## ORDER GRANTING TRUSTEE'S EMERGENCY MOTION AUTHORIZING THE DEBTOR TO PAY PRE-PETITION CLAIMS OF CERTAIN CRITICAL VENDORS

On this day came on for consideration the *Trustee's Emergency Motion for Authority to Pay Prepetition Claims of Certain Critical Vendors* (the "Motion"),[1] of Service One, LLC, filed by Mark A. Weisbart, the Subchapter V trustee of Service One, LLC (the "Trustee"). The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; (v) no objections to the Motion were filed, and (vi) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED.

    2.    The Trustee is authorized, but not required, to pay in the ordinary course of business, the Vendor Claims, or such portions thereof, of the Subcontractors and Vendors as identified on Exhibit "A" attached hereto.

    3.    Nothing contained herein shall preclude the Trustee from seeking to provide

---

[1] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

"Critical Vendor" status to additional creditors through further motion to the Court.

4. The Trustee is authorized, in the exercise of his reasonable business judgment, to make payments on account of the Vendor Claims (as defined in the Motion), or such portions thereof, if the Debtor determines that failure to pay such Vendor Claim is likely to result in significant harm to the Debtor's business operations.

5. As a condition of paying the Subcontractors and Vendors the Trustee shall require, if in his reasonable business judgment he determines necessary, the Subcontractors and Vendors to execute lien releases with regard to the Services and/or Supplies provided on the Debtor's Projects.

6. Neither the relief granted by this Order nor the payment of any Vendor Claims by the Trustee shall constitute a release, waiver or abandonment of any other cause of action, including avoidance actions that may be held by the Debtor's estate against any of the Subcontractors or Vendors, and any such causes of action are hereby preserved for the benefit of the Debtor's bankruptcy estate.

7. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the terms and conditions imposed on the Debtor and Trustee under any budget or any order regarding the use of cash collateral.

8. The relief requested in the Motion is necessary to avoid immediate and irreparable harm and, thus, notwithstanding the possible applicability of Bankruptcy Rule 6003, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. Any Subcontractor or Vendor receiving payment hereunder shall continue to provide goods to the Debtor based upon the customary trade terms between the parties or as otherwise agreed by the parties and the Trustee's agreement to pay such Subcontractor or Vendor

in accordance with such terms. If any Subcontractor or Vendor fails to supply Services and/or Supplies to the Debtor on such customary trade terms, any payments received by the Subcontractor or Vendor on account of its Vendor Claim pursuant to this Order may be recovered by the Trustee as an unauthorized post-petition payment or, alternatively, will be deemed to have been in payment of then outstanding post-petition obligations owed to such Subcontractor or Vendor, and that such Subcontractor or Vendor shall immediately repay to the Debtor any payments received on account of its Vendor Claim to the extent that the aggregate amount of such payments exceed the post-petition obligations then outstanding, without the right of setoff or reclamation.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

11. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court will retain jurisdiction with respect to any matters, claims, rights or disputed arising from or related to the Motion or implementation of this Order.

13. This Order is effective as of May 4, 2022.

Prepared and submitted by:

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
James S. Brouner
Texas Bar No. 03087285
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, TX 75231
(972) 755-7103 Phone/Fax
MWeisbart@HaywardFirm.com
JBrouner@HaywardFirm.com

PROPOSED COUNSEL FOR SUBCHAPTER V TRUSTEE

# CRITICAL VENDORS

Service One LLC 22-40503

| VENDOR | AMOUNT |
|---|---|
| A.C.E Companies | $ 1,505.00 |
| Alfredo Gallardo | $ 6,887.00 |
| AME | $ 13,963.23 |
| Angel Carrillo | $ 9,450.00 |
| Annie Olachia | $ 2,444.50 |
| AR Multiple Services | $ 1,220.00 |
| Bezaleel Hernandez | $ 1,260.00 |
| Bryan N Vega | $ 1,139.00 |
| Complete Paint | $ 250.00 |
| Creations Granite & Marble | $ 20,430.68 |
| Daniel Grigsby | $ 6,275.00 |
| Elvis Alfaro - RF Painting and Remodeling | $ 2,000.00 |
| Eric Castellon | $ 200.00 |
| Fix It Right Plumbing | $ 16,650.00 |
| Garcia's Cleaning- Angela A. Baca Garcia | $ 1,670.00 |
| Gerardo Marquez Calahorra | $ 2,162.00 |
| Glass FX | $ 110,433.28 |
| Guadalupe Buendia-Bocanegra | $ 4,913.00 |
| Jacobo Garza | $ 2,000.00 |
| Janson Saravia | $ 7,251.00 |
| Jennifer Melissa Rivera | $ 275.00 |
| Jesus Contreras | $ 10,000.00 |
| Jorge Artunduaga | $ 5,162.00 |
| Jose Manuel Muñoz | $ 6,750.00 |
| Jose Portillo | $ 13,500.00 |
| Juan A Chavez | $ 2,500.00 |
| Juan Carlos Flores | $ 600.00 |
| Juan Guevara | $ 12,927.00 |
| Lagniappe Exterminating | $ 1,407.24 |
| Landers Carpet Care | $ 413.56 |
| Lucia Villalta | $ 1,262.00 |
| Luis Nolasco | $ 4,510.20 |

Exhibit "A"

| | |
|---|---|
| M S International | $ 24,642.05 |
| Maria G Chaidez-M&M Remodeling | $ 2,879.00 |
| Maria Martinez | $ 1,100.00 |
| Maria Torres | $ 2,360.00 |
| Metro's Best Residential and Commercial Cleaning Services, LLC | $ 450.00 |
| MFS Supply | $ 42,197.88 |
| Milan Predikant | $ 8,017.00 |
| Nathan Sanders | $ 450.00 |
| Nortier Engineering Consultants LLC | $ 1,350.00 |
| NxTGen | $ 525.00 |
| Paychex | $ 1,598.57 |
| River Dean Shade Co LLC | $ 147.61 |
| Rosa Jimenez | $ 2,375.00 |
| Sherwin Williams (Acc't 6288-6) | $ 55,600.06 |
| Sherwin Williams (Acc't 7487-2) | $ 50,071.33 |
| Star Window Covering | $ 13,018.47 |
| Surface Professionals | $ 2,925.00 |
| TaskEasy, Inc. | $ 1,405.34 |
| Texas Appliances | $ 19,421.13 |
| Texas Solution Heating & Cooling | $ 9,000.00 |
| Trash Chomper | $ 92,663.45 |
| Two Js Tree and Maintenance-Juan Arreozola | $ 20,806.60 |
| TXU Energy | $ 482.41 |
| Whitworth Engineering | $ 5,811.00 |
| William Adams | $ 4,400.00 |

Exhibit "A"