Patrick J. Schurr
State Bar No. 17853530
Patrick.schurr@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Boulevard, Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150

ATTORNEYS FOR CHARLES TOMASELLO

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § § | |
| **SERVICE ONE LLC,** | § § | **CASE NO. 22-40503-BTR-11** |
| | § § | **HEARING DATE AND TIME:** |
| Debtor. | § | **MAY 9, 2022 @ 10:00 A.M.** |

**CHARLES TOMASELLO'S OBJECTION TO TRUSTEE'S
EMERGENCY MOTION FOR AUTHORITY TO PAY
PRE-PETITION CLAIMS OF CERTAIN CRITICAL VENDORS [ECF NO. 52]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Charles Tomasello ("Tomasello") and would show the Court as follows:

I.
Preliminary Statement

1. Tomasello and Sandra Perry ("Perry") have been dating since 2018 and, during that time, began a construction business together – becoming co-managing members of the Debtor Service One, LLC with Tomasello in the role of the day-to-day

operator[1] and Perry in the role of investor.[2] Prior to the commencement of this case, in order to sustain Service One's daily operations, it relied heavily upon constant and immediate access to lines of credit, trade lines, and corporate credit lines in order to timely pay for materials, subcontractors, employees, etc., especially since materials and labor often are needed at the last minute. Until recently, Service One regularly and effectively utilized its access to credit to operate the business, and Tomasello had kept the credit and vendor accounts paid and up-to-date.

2. So, why are we here? Tomasello and Perry broke up, but the business relationship did not and that relationship has devolved to the point that we are in bankruptcy court.

3. Unfortunately, instead of remaining professional and working towards Service One's best interests, Perry increasingly focused her energy on destroying both the

---

[1] Tomasello, Co-Founder and Chief Executive Officer of Service One, has been involved in the development, ownership, and management of single-family rental ("SFR") and multi-family residential real estate for 25 years. During that time, he has built and sold SFR units totaling over $168 million in real estate in Texas and the Mississippi Gulf Coast, including the site development, ground up construction, and sales or leasing of over 1,400 units. He formed, owned, and operated a property management company that successfully managed over 2,000 scattered site units across 3 counties and 2 states.

[2] Perry has over 20 years of successful experience in the corporate logistics and distribution management sectors, however, she lacks practical experience in Service One's business sector and exercises poor judgment in selecting managers, to wit, the former attorney, Dell James, who was disbarred, which was affirmed by the Fifth District Court of Appeals at Dallas on April 5, 2010, for, among other things, **lying to and cheating his clients**. *James v. Commission for Lawyer Discipline*, Case No. 05-08-01553-CV (Tex.App.—Dallas 2010) (citing Tex. Disciplinary R. Prof'l Conduct 8.03(a)(3) ("A lawyer shall not … engage in conduct involving dishonesty, fraud, deceit or misrepresentation ….")) attached hereto as Exhibit "B"; *see also* Texas State Bar Report on Dell James. The appellate court held that **Mr. James' actions "constituted repeated, egregious breaches of his fiduciary duties to multiple clients**." *Id.* (emphasis added).

business and Tomasello. For the express purpose of interrupting Service One's business operations and relationships and deplete any cash reserves, Perry, among other things, has suspended, restricted, cancelled, and removed access from crucial credit and vendor accounts, she has tried to remove Tomasello from the business bank accounts by submitting false corporate resolutions and unilaterally (and in violation of the parties' Company Agreement) fired Tomasello as Chief Executive Officer of Service One and (again in violation of the Company Agreement) filed this proceeding.

4. In three years, Tomasello and his management team consisting of himself, Patrick Schultz and Ronnie Ramos, and the subcontractors and vendors of Service One, saw (a) incredible revenue growth from $4.3 million to $13.5 million or a tripling of revenue (and a record month of revenues exceeding $1,500,000 in March 2022); (b) the Company not only survive but thrived through global pandemic to become a top tier brand name in the SFR industry with strong relationships with all the blue chip companies; and (c) always paid employees on time and never missed a payroll.

5. In less than three weeks since Perry unlawfully terminated Tomasello, Schultz and Ramos, she (a) hired a disbarred attorney manager Dell James who immediately setup secret bank accounts with fraudulent corporate resolutions and funneled money out of Service One leading to the filing of this proceeding; (b) missed making payroll salary payment for first time in company's history; (c) filed this proceeding potentially jeopardizing the ability of over 150 people to earn a living and feed their families; and (d) submitted fraudulent lien waivers to the customers of Service

One in an effort to obtain payment and which contained the stamped signature of Tomasello despite his unlawful termination and ouster from Debtor's corporate headquarters on April 7, 2022.

II.
Specific Responses to the Motion

6. Tomasello admits paragraph I(1) of the Motion.

7. Tomasello admits the allegations of paragraph I(2) of the Motion.

8. Tomasello admits the allegations of paragraph I(3) of the Motion.

9. Tomasello admits the allegations of paragraph I(4) of the Motion.

10. Tomasello admits the allegations of paragraph I(5) of the Motion.

11. Tomasello admits the allegations of paragraph I(6) of the Motion.

12. Tomasello admits the allegations of paragraph I(7) of the Motion.

13. Tomasello admits the allegations of paragraph I(8) of the Motion.

14. Tomasello admits that Service One, through its former management team of Schwartz, Ramos and Tomasello, kept a close relationship with their Subcontractors and Vendors, however, denies that the list described in paragraph I(9) of the Motion and attached to the Motion as Exhibit "A" constitute what Tomasello would define as Critical Vendors as the Trustee has included (a) companies allied closely with Perry; (b) two vendors of Perry's company, Poppy Place Homes, LLC;[3] (c) insider companies owned

---

[3]Poppy Place Homes, LLC is an example of a company from which Perry stole over $45,000 prior the freeze on the companies' bank accounts located at PlainsCapital Bank and in which she has refused to acknowledge the rightful ownership interests of Schwartz, Ramos and Tomasello.

CHARLES TOMASELLO'S OBJECTION TO TRUSTEE'S EMERGENCY MOTION FOR
AUTHORITY TO PAY PRE-PETITION CLAIMS OF CERTAIN CRITICAL VENDORS - PAGE 4

jointly by Perry and Tomasello; (d) companies owned by employees of Service One who not only draw a salary but charge Service One market rates for their services and materials; (e) a sub of a subcontractor who performs plumbing services at a higher rate than the actual "Critical Vendor" plumber; and (f) alleged "Critical Vendors" whose supplies and materials are easily purchased at a greater discount at Lowe's or Home Depot for cash;[4] while omitting such "Critical Vendors" as the subcontractors who perform work for Hernandez Multi-Contracting Services, LLC ("HMCS") in the various projects located in Houston, Texas or HMCS itself as the general contractor for Service One in the Houston market; the carpet vendor for Service One; and the roofer/chimney inspection company. Tomasello would show the Court that a more accurate listing of the "True Critical Vendors" by project name, vendor name and contact information and amounts owed and status of completion is attached hereto as Exhibit "C" and incorporated herein. Such list was created by Tomasello, the CEO with actual knowledge of the day-to-day operations of Service One, and provided to the Trustee prior to the filing of the Motion.

15. Tomasello is without sufficient information to admit or deny the allegations of paragraph I(10) of the Motion as he has had no contact with the Subcontractors and Vendors pursuant to instructions from the Trustee. Tomasello would show the Court that the relationships between the Subcontractors and Vendors were with Schultz, Ramos

---

[4] Tomasello has color-coded and attached the Exhibit "A" to the Motion illustrating the "Non" Critical Vendors included on Exhibit "A" to the Motion.

CHARLES TOMASELLO'S OBJECTION TO TRUSTEE'S EMERGENCY MOTION FOR
<u>AUTHORITY TO PAY PRE-PETITION CLAIMS OF CERTAIN CRITICAL VENDORS</u> - PAGE 5

and Tomasello, not Ms. Perry nor Mr. James, but yet she unlawfully fired the very persons with the relationships with the Subcontractors and Vendors.

16. Tomasello admits the allegations of paragraph I(11) of the Motion and based on his relationship with said customers, Tomasello would show the Court that those relationships with the customers has already been damaged by the unlawful activities of Perry and James and their inability to hire competent replacements for Schultz and Ramos. Tomasello specifically denies the allegations of subpart (b) of paragraph I(11) of the Motion that there are no "adequate replacements" for the Vendors as alleged in subpart (b) of paragraph I(11) of the Motion.

17. Tomasello admits the allegations of paragraph I(12) of the Motion as same relate to the existing management of the Debtor (Perry and James) as said team unlawfully fired the very persons with the relationships in the construction industry who capably could find substitute subcontractors and vendors if the need arose.

18. Tomasello admits that the True Critical Vendors provided the services and materials described in paragraph I(13) of the Motion but denies said allegations as same relate to the Critical Vendors listed in Exhibit "A" to the Motion as outlined in paragraph 14, supra.

19. Tomasello denies the allegations of paragraph I(14) of the Motion as the term "Vendor Balances" is not an accurate reflection of the amounts due and owing he True Critical Vendors for the same reasons articulated in paragraph 14, supra.

20. Tomasello admits the allegations of paragraph I(15) of the Motion as same relate to the balances owed to the True Critical Vendors but denies said allegations as same relate to the Critical Vendors listed on Exhibit "A" to the Motion.

21. Tomasello denies the allegations of paragraph I(16) of the Motion as his input as CEO of the Debtor was not sought by the Trustee and the "Debtor's management," including Perry and James, was removed from control of the Debtor by the appointment of the Trustee [ECF No. 35]. The inclusion of vendors closely allied to Perry or actual vendors of Perry's Poppy Place vendors and the other vendors and subcontractors included and excluded from Exhibit "A" to the Motion as outlined in paragraph 14, supra, shows the complete lack of knowledge of the business of the Debtor's management in the absence of Tomasello, Schultz and Ramos, the actual person responsible for the day-to-day operations both in the field and in the office, not the woman with a personal vendetta against Tomasello.

22. Tomasello is without sufficient information to admit or deny the allegations of paragraph I(17) of the Motion as he has not communicated or contacted any Subcontractors or Vendors as instructed.

23. Tomasello admits the allegations of paragraph I(18) of the Motion as to the critical nature of subcontractors and vendors in the operations of Service One but is without sufficient infmaiton to admit or deny the remainder of the allegations of paragraph I(18) of the Motion as it relates to conversations not had by Tomasello and as to which he can neither admit nor deny the accuracy of same.

24. Tomasello admits the allegations of paragraph I(19) of the Motion.

25. Tomasello requests that the Court deny the relief requested in paragraph I(20) of the Motion as it relates to the subcontractors and vendors listed on Exhibit "A" to the Motion and authorize the Debtor to pay the claims of the True Critical Vendors listed on the attached Exhibit "C."

26. Paragraph I(A)(21) of the Motion contains the statutory basis for the relief requested in the Motion and does not require Tomasello to admit or deny same.

27. Paragraph I(A)(22) of the Motion contains case law cites in support of the relief requested by the Trustee in the Motion and does not require Tomasello to admit or deny same.

28. Paragraph I(A)(23) of the Motion contains case law cites in support of the relief requested by the Trustee in the Motion and does not require Tomasello to admit or deny same.

29. Paragraph I(A)(24) of the Motion contains additional statutory basis for the relief requested in the Motion and does not require Tomasello to admit or deny same.

30. Paragraph I(A)(25) of the Motion contains case law cites in support of the relief requested by the Trustee in the Motion and does not require Tomasello to admit or deny same.

31. Paragraph I(A)(26) of the Motion contains case law cites in support of the relief requested by the Trustee in the Motion and does not require Tomasello to admit or deny same.

32. Paragraph I(A)(27) of the Motion contains case law cites in support of the relief requested by the Trustee in the Motion and does not require Tomasello to admit or deny same.

33. Paragraph I(A)(28) of the Motion contains case law cites in support of the relief requested by the Trustee in the Motion and does not require Tomasello to admit or deny same.

34. Tomasello admits the allegations of paragraph I(A)(29) of the Motion as it relates to the True Critical Vendors but denies same as it relates to the Subcontractors and Vendors listed on Exhibit "A" to the Motion and defined in the Motion as the Vendor Claims for the reasons set forth hereinabove.

35. Tomasello admits the allegations of paragraph I(A)(30) of the Motion and also reserves his right to contest the validity of the Vendor Claims as defined in the Motion.

36. Paragraph I(B)(31) of the Motion contains case law cites in support of the relief requested by the Trustee in the Motion and does not require Tomasello to admit or deny same.

37. Paragraph I(B)(32) of the Motion contains case law cites in support of the relief requested by the Trustee in the Motion and does not require Tomasello to admit or deny same.

38. Tomasello admits the allegations of paragraph I(B)(33) of the Motion as it relates to the True Critical Vendors but denies same as it relates to the Subcontractors and

Vendors listed on Exhibit "A" to the Motion and defined in the Motion as the Vendor Claims for the reasons set forth hereinabove.

39. Tomasello admits the allegations of paragraph I(B)(34) of the Motion as it relates to the True Critical Vendors but denies same as it relates to the Subcontractors and Vendors listed on Exhibit "A" to the Motion and defined in the Motion as the Vendor Claims for the reasons set forth hereinabove.

40. Tomasello is again troubled by the allegations of paragraph I(B)(35) of the Motion as to who the Trustee is referring to as "examining other options" as operations and control of the Debtor were withdrawn from Tomasello, Perry and James by Court order. Tomasello denies the remaining allegations of paragraph I(B)(35) as it relates to the Subcontractors and Vendors listed on Exhibit "A" to the Motion and defined in the Motion as the Vendor Claims for the reasons set forth hereinabove.

41. Tomasello admits the allegations of paragraph I(B)(36) of the Motion as it relates to the True Critical Vendors but denies same as it relates to the Subcontractors and Vendors listed on Exhibit "A" to the Motion and defined in the Motion as the Vendor Claims for the reasons set forth hereinabove.

42. Tomasello admits that with Perry and James "examining options" and contacting Subcontractors and Vendors, the business is doomed regardless of what subcontractors or vendors are paid or employed by persons who by the creation of the "Critical Vendor" list attached to Exhibit "A" to the Motion has unequivocally demonstrated their inability to set aside their personal agendas and assist the Trustee in

preserving the business built by Schultz, Ramos and Tomasello with the acknowledged financial (but not managerial) assistance of Perry.

43. Tomasello requests that the relief requested by the Trustee in paragraph I(B)(38) of the Motion be granted as to the True Critical Vendors described on Exhibit "C" attached to this response.

44. Paragraph I(B)(39) of the Motion contains the statutory basis for the relief requested in the Motion and does not require Tomasello to admit or deny same but denies the relief requested as it relates to the Vendor Claims as defined in the Motion but admits as to the True Critical Vendors as set forth on Exhibit "C" attached hereto.

45. Paragraph I(B)(40) of the Motion contains the statutory basis for the relief requested in the Motion and Tomasello does not oppose same.

46. Tomasello is without sufficient information to admit or deny the allegations of paragraph I(B)(40) of the Motion as to who the Trustee served with a copy of the Motion but Tomasello would show the Court that none of the customers "whose interests are directly affected by this specific pleading" are listed on the service list of the Motion nor on any creditor matrix filed by the Debtor and would deny that such parties-in-interest as payors of such services be noticed of the relief sought in the Motion.

WHEREFORE, PREMISES CONSIDERED, Charles Tomasello respectfully requests that the Court grant the relief requested by the Trustee as it relates to the True Critical Vendors as set forth on Exhibit "C" attached hereto; deny such relief as it relates

to the Vendor Claims as defined in the Motion and as to the Subcontractors and Vendors listed on Exhibit "A" to the Motion and for such other relief as is just and proper.

Respectfully submitted this the 5th day of May, 2022.

> SCHEEF & STONE, L.L.P.
> 2600 Network Boulevard
> Suite 400
> Frisco, Texas 75034
> Telephone: 214.472.2100
> Telecopier: 214.472.2150
>
> By: /s/ Patrick J. Schurr
>     Patrick J. Schurr
>     State Bar No. 17853530
>     Email: patrick.schurr@solidcounsel.com

ATTORNEYS FOR CHARLES TOMASELLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for the Debtor, Christopher Moser; the Subchapter V trustee, Mark Weisbart and his proposed counsel, Jim Brouner; and any parties requesting notice herein, via electronic means, on this the 5th day of May, 2022.

/s/ Patrick J. Schurr