Patrick J. Schurr
State Bar No. 17853530
Patrick.schurr@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Boulevard, Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150

ATTORNEYS FOR CHARLES TOMASELLO

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | |
| SERVICE ONE LLC, § | CASE NO. 22-40503-BTR-11 |
| § | |
| **Debtor.** § | |

**CHARLES TOMASELLO'S LIMITED OBJECTION TO APPLICATION TO EMPLOY QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C. AS GENERAL COUNSEL TO THE DEBTOR [ECF NO. 7]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Charles Tomasello ("Tomasello") and would show the Court as follows:

I.
Preliminary Statement

1. Tomasello is a fifty percent member in the Debtor, Service One LLC, who was wrongfully terminated as chief executive officer ("CEO") and locked out of the Debtor's corporate headquarters by the Debtor's current management prior to the filing of this bankruptcy proceeding.

2. Tomasello had on behalf of Service One LLC engaged the lawfirm of Scheef & Stone, LLP as its general counsel to pursue claims against Sandra Perry in the 298th Judicial District of Dallas County, Cause No. DC-22-02594 (the "State Court Litigation").

3. Pursuant to the Company Agreement of Service One LLC, Tomasello was not advised of nor consented to the engagement of Quilling, Selander, Lownds, Winslett and Moser, PC ("QSLWM") as counsel for the Company.

4. Furthermore, the Company Agreement requires the unanimity of the members of the Company to make major business decisions such as filing for relief under chapter11 of the bankruptcy Code which was not done as it was the unlawful and unilateral act of Sandra Perry.

II.
Specific Responses to the Application

5. Tomasello admits the allegations of paragraph one of QSLWM's Application to employ (the "Application") [ECF No. 7].

6. Tomasello admits the allegations of paragraph two of the Application.

7. For purposes of this Application, Tomasello admits the allegations of paragraph three of the Application.

8. Tomasello denies the allegations of paragraph four of the Application.

9. Tomasello denies the allegations of paragraph five of the Application as Tomasello did not consent to the engagement of QSLWM as alleged in paragraph five of the Application.

10. Paragraph six of the Application does not require a reply by Tomasello.

11. As stated in paragraph 9, supra, Tomasello denies the allegations of paragraph seven of the Application as Tomasello did not consent to the engagement of QSLWM as alleged in paragraph seven of the Application.

12. As stated in paragraph 9, supra, Tomasello denies the allegations of paragraph eight of the Application as Tomasello did not consent to the engagement of QSLWM as alleged in paragraph eight of the Application.

13. As stated in paragraph 9, supra, Tomasello denies the allegations of paragraph nine of the Application as Tomasello did not consent to the engagement of QSLWM as alleged in paragraph nine of the Application.

14. Tomasello is without sufficient information to admit or deny the allegations of paragraph ten of the Application.

15. Tomasello denies the allegations of paragraph eleven of the Application and requests that the Court deny any request by the debtor to replenish QSLWM's retainer postpetition but rather require QSLWM to seek compensation by filing an application for allowance and payment of their fees incurred postitition and allow the Court to decide the reasonableness and amount of said fees.

WHEREFORE, PREMISES CONSIDERED, Charles Tomasello rest to obtain the funds frozen by the Bank and discussed the Bank's alleged interpleader and demand for attorneys' fees from the funds frozen by the Bank. Tomasello further acknowledges that the emails attached to the Response as Exhibit 2 are the best evidence of their terms and

conditions.

12.     Tomasello denies the allegations of paragraph eleven of the Response.

WHEREFORE, PREMISES CONSIDERED, Charles Tomasello respectfully requests that the Court deny any postpetition replenishment of QSLWM's retainer; approve their employment as Debtor's counsel and for such other relief as is just and proper.

Respectfully submitted this the 5th day of May, 2022.

                SCHEEF & STONE, L.L.P.
                2600 Network Boulevard
                Suite 400
                Frisco, Texas 75034
                Telephone: 214.472.2100
                Telecopier: 214.472.2150

                By: /s/ Patrick J. Schurr
                    Patrick J. Schurr
                    State Bar No. 17853530
                    Email: patrick.schurr@solidcounsel.com

                ATTORNEYS FOR CHARLES TOMASELLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for the Debtor, the Subchapter V trustee and his counsel, and any parties requesting notice herein, via electronic means, on this the 5thd ay of May, 2022.


        /s/ Patrick J. Schurr