IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: §
§
SERVICE ONE, LLC, § CASE NO. 22-40503
§ (Chapter 11)
DEBTOR §

**COVER SHEET TO HIRSCH & WESTHEIMER, P.C.'S FEE APPLICATION**

| Name of Applicant | Hirsch & Westheimer, P.C. |
|---|---|
| Applicant's professional role in case | Counsel to PlainsCapital Bank |
| Indicate whether this is an application for pre or post confirmation services | This is an application for pre confirmation services |
| Time period covered in application | April 14, 2022 through May 27, 2022 |
| Total amounts awarded in all prior applications | $0.00 |
| Amount of retainer received in case | $0.00 |
| Total fees applied for in this application (including any retainer amounts to be applied) | $16,559.70 |
| Total professional fees requested in this application | $16,559.70 |
| Total actual professional hours covered by this application | 43.4 hours |
| Average hourly rate for professionals | $381.56/hr |
| Total paraprofessional fees requested in this application | $0.00 |
| Total actual paraprofessional hours covered by this application | 0.00 |
| Average hourly rate for paraprofessionals | $0.00/hr |
| Reimbursable expenses sought in this application | $0.00 |
| Total to be paid to unsecured creditors under the plan | Unknown at this time |
| Percentage dividend to unsecured creditors under the plan | Unknown at this time |
| Total to be paid to all pre-petition creditors under the plan | Unknown at this time |
| Date of confirmation hearing | Unknown at this time |
| Indicate whether plan has been confirmed | No plan on file at the time of this filing |

A complete copy of the application will be sent to any requesting party at no charge.

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SERVICE ONE, LLC, | § § | CASE NO. 22-40503 (Chapter 11) |
| DEBTOR | § | |

## FIRST AND FINAL APPLICATION OF HIRSCH & WESTHEIMER, P.C., COUNSEL TO PLAINSCAPITAL BANK, FOR THE ALLOWANCE OF COMPENSATION AND THE REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 14, 2022 THROUGH MAY 27, 2022

Pursuant to Local Rule 9007-1(a):

> Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.
>
> No hearing will be conducted on this Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTYONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now, Hirsch & Westheimer, P.C. ("**H&W**") and hereby submit its First and Final Application of Hirsch & Westheimer, P.C. Counsel to PlainsCapital Bank ("**PlainsCapital**"), for the Allowance of Compensation and the Reimbursement of Expenses for the Period April 14, 2022, through May 27, 2022, (the "**Application**") and would state as follows:

2

## BACKGROUND

1. On April 13, 2022, Service One, LLC (the "**Debtor**") and Charles Tomasello ("**Tomasello**") filed their First Amended Petition and Verified Application for *Ex Parte* Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("**First Amended Petition**") in the state court litigation case filed in the 298th District Court of Dallas County, Texas under Cause No. DC-22-02594. On April 14, 2022, PlainsCapital contacted H&W regarding the dispute regarding the Debtor's bank accounts and the possibility of interpleading the Debtor's funds into the registry of the state court.

2. On April 21, 2022, the Debtor filed for Chapter 11 bankruptcy relief in the Eastern District of Texas, Sherman Division, Case No. 22-40503. *See*, Docket No. 1.

3. On April 25, 2022, the Debtor filed its (i) Emergency Motion to Release Freeze on Funds in Debtor's Bank Accounts [Docket No. 13]; (ii) Motion for Interim and Final Orders Authorizing Cash Collateral Use and Granting Adequate Protection [Docket No. 15]; (iii) Motion for Authority to Pay Pre-Petition Wages of Employees and Independent Contractors [Docket No. 16]; and (iv) Motion to Remove the Debtor from Possession and Authorize Subchapter V Trustee to Operate the Business of the Debtor [Docket No. 14] ("**First Day Motions**"). *See*, Docket Nos. 13 through 16.

4. On April 25, 2022, PlainsCapital filed its Response to Debtor's Emergency Motion to Release Freeze on Funds in Debtor's Bank Accounts ("**Response**"). *See,* Docket No. 19.

5. On April 28, 2022, the Court held a hearing on the Debtor's First Day Motions. At the hearing, the Debtor, Debtor's Trustee, and PlainsCapital presented an agreed order for the Court resolving the freeze on the Debtor's bank accounts at PlainsCapital ("**Agreed Order**"). The

3

Court signed and entered the Agreed Order at Docket No. 34 on April 28, 2022. *See,* Docket No. 34.

6. PlainsCapital had to retain counsel to represent it in connection with the First Amended Petition and in the Debtor's bankruptcy case. *See,* Docket No. 6. The banking agreement between PlainsCapital and the Debtor provides for the recovery of PlainsCapital's reasonable attorney fees and collection expenses. *In re Velazquez,* 660 F. 3d 893 (5th Cir. 2011). As of May 27, 2022, PlainsCapital incurred $16,559.70 in fees and $0.00 in expenses as related to the Debtor's bank accounts held at PlainsCapital. Pursuant to the Agreed Order, a reserve of $25,000.00 is presently held in the Debtor's bank account ending in 3000 held at PlainsCapital. *See,* Docket No. 34. Since May 5, 2022, H&W has continued to assist the Trustee with various issues in connection with the banking relationship without charge.

## **RETAINER**

7. This is H&W's first and final fee application. The Court has not previously awarded any fees to H&W on behalf of PlainsCapital. H&W has not received any retainer from PlainsCapital in connection with the interpleader in the state court pre-petition suit or this bankruptcy case. The fees requested in this Application have not been paid. The entire amount of $16,559.70 is currently outstanding. The fees requested in this Application are authorized under the banking arrangement between PlainsCapital and the Debtor; and therefore, may be approved by the Court.

## **RELIEF REQUESTED**

8. Pursuant to Bankruptcy Rule 2016, H&W requests an allowance and payment of professional fees in the amount of $16,559.70 and expenses in the amount of $0.00. Attached as Exhibit A are the invoices reflecting the total hours and fees billed by each professional.

20110505.20220259/4326330.1

9. Bankruptcy Rule 2016 provides, in relevant part, that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expense incurred, and (2) the amounts requested." B.R. 2016. The requirements of B.R. 2016 are applicable to a creditor's counsel.

10. H&W has made every effort to ensure that its Application complies with the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Texas (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 (the "Trustee Guidelines"), and the Guidelines for Attorneys' Fee Applications – Reimbursement of Expenses (the "Guidelines") adopted by the United States Bankruptcy Court for the Eastern District of Texas.

11. Pursuant to the Trustee Guidelines paragraph D.1., H&W only had one billing category in its representation of PlainsCapital. The fees incurred are reflected in the invoices attached hereto; however, H&W would note that $1,464.13 was expended in drafting this Application.

12. H&W accounted for the time expended by delineating the amount of time expended. H&W's invoices set forth the task performed and the time expended to inform the Debtor, the Court, the United States Trustee, and the creditors of the bankruptcy estate of the nature of the services provided and time expended by PlainsCapital's professionals for the purposes of complying with the "Lodestar" factors required for fee requests in this Circuit. The blended rate of all the H&W professionals that provided services during the Application Period is $381.56 per hour.

5

## DESCRIPTION OF SERVICES RENDERED

13. In the Fifth Circuit, courts have considered the guidelines set out in *Johnson v. Georgia Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine requests for fees under Section 330. *See, In re Lawler*, 807 F.2d 1207, 1210 (5th Cir. 1987); *In re First Colonial Corp. of America*, 544 F.2d 1291, 1299 (5th Cir.), cert denied, 97 S. Ct. 1696 (1977). The *Johnson* factors include the following: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the professional services properly; (4) the preclusion of other employment by the professional due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the professionals; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See, Johnson*, 488 F.2d at 717 – 719.

14. Determining what constitutes reasonable compensation is soundly within the discretion of the bankruptcy court because it is in the best position to determine the reasonableness of a proposed fee. *See, In re Anderson*, 936 F2d 199, 204 (5th Cir. 1991). While H&W is not a professional engaged by the Debtor, Section 330 provides a framework for determining reasonable compensation. In determining whether an applicant has met its burden of proof under Section 330(a), the court must first ascertain the nature and extent of the necessary and appropriate services that the applicant has rendered, and then assess the reasonable value of those services. *In re Lawler*, 807 F.2d 1207, 1210-11 (5th Cir. 1987).

15. Section 330(a)(3)(C) states, in part, that

> "[i]n determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – whether the services were necessary

6

to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title."

11 U.S.C. § 330(a)(3)(C). Section 330(a)(3)(C) favors a lenient approach in analyzing whether an applicant has met the burden of proof and should be awarded its fees and expenses. The Fifth Circuit has adopted a standard in awarding attorneys' fees that considers not only fees which were "necessary" but also fees for services that were objectively reasonable when incurred. *In re Woerner*, 783 F.3d 266 (5th Cir. 2015). The Fifth Circuit, in *Woerner*, overruled the preclusion of a prospective analysis prohibited by the Fifth Circuit's decision in *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir. 1998). *Woerner*, 783 F.3d at 277. In *Woerner*, the Fifth Circuit read Section 330 of the Code to embrace a "reasonable at the time" standard for attorney compensation. *Woerner*, 783 F.3d at 276. "Under this framework, if a fee applicant establishes that its services were 'necessary to the administration' of a bankruptcy case or 'reasonably likely to benefit' the estate 'at the time at which [they were] rendered', *see* 11 U.S.C. §330(a)(3)(C), (4)(A), then the services are compensable." *Id.*

16. In considering the "prospective standard" of *Woerner*, the following factors should be considered:

   a. Probability of success when services were rendered;
   b. Reasonable costs of pursuing the action;
   c. What services would a reasonable lawyer have performed in the same circumstances;
   d. Whether the Trustee or his staff could have performed the services; and
   e. Potential benefit to the estate.

*Id.* While the question of whether the action of the attorney was ultimately successful is relevant, it is not dispositive. *Id.*

17. H&W believes that it worked effectively with the Trustee and the competing equity security owners of the Debtor to minimize conflict and to assist in a smooth transition. The Court

7

can take judicial notice of the discord between the equity security holders as they sought a Trustee to run their business. As demonstrated by this Application, H&W met its burden under Bankruptcy Rule 2016 and the Court should allow the requested fees and expenses.

A. Time and Labor Expended

18. The professional services H&W rendered during the time it was counsel required an expenditure of some time and effort. H&W's professionals expended 43.4 hours in the rendition of legal services in connection with the state court pre-petition suit and this bankruptcy case. The time expended by the H&W and the task performed is identified in the attached invoices (Exhibit A). Initially, the focus was on interpleading funds into the registry of the state court pre-petition suit; however, when the Debtor filed this instant bankruptcy case, it was determined that the funds needed to be frozen due to the automatic stay and an order authorizing the use of funds be made by the Court, which was successfully done.

B. Skill Required for Performance of Legal Services

19. For the reasons previously identified, H&W had to exercise a high degree of skill in advising PlainsCapital in this case. PlainsCapital's attorneys and paralegals have been used effectively and efficiently to perform the tasks assigned to them. Interpleading funds into the registry of the Court is a rarely utilized remedy and it was necessary to analyze the facts and law to appropriately obtain the relief for the Debtor and PlainsCapital.

C. Customary Fees

20. The fees charged for services rendered by PlainsCapital are customary and usual in Houston and other communities in Texas were PlainsCapital practices. Moreover, the fees are customarily charged to PlainsCapital's banking customers for similar legal services during the

8

period of time involved, and have theretofore been approved by bankruptcy courts considering applications for fees filed with this Court and other courts in the Eastern District of Texas.

D. Contingent Nature of Fees

21. This category is not applicable.

E. Time Limitation or Other Circumstances

22. Except with respect to the time spent actively representing PlainsCapital, the representation did not preclude employment in the representation of other clients.

F. Amount Involved in the Case and Results Obtained

23. The aggregate amount of the Debtor's funds held at PlainsCapital was slightly more than $655,000.00 and payroll was due to the Debtor's employees two days after the Debtor's bankruptcy filing. Counsel was able to have the funds unfrozen by Court Order and any excess funds delivered to the Trustee's trust account or as otherwise directed by the Court.

G. Experience, Reputation, and Ability of Applicant

24. H&W has established itself as a source of experienced, capable expertise in commercial bankruptcy cases. Since 1982, Michael J. Durrschmidt ("**Durrschmidt**") has practiced primarily in the areas of creditors' rights, bankruptcy and banking, while representing lenders, debtors, suppliers, landlords, and lessors in cases related to work-outs, debt restructures, bankruptcy, state and federal collection and lien priority litigation, real and personal property foreclosures, and repossessions. Durrschmidt is Board Certified in Business Bankruptcy by the Texas Board of Legal Specialization since 1990. He is a member of The College of the State Bar of Texas. Kim Lewinski has been licensed since 2015 also primarily practiced in the area of creditors' rights, bankruptcy, and banking, while representing lenders, debtors, and lessors in both state and federal collection and lien priority litigation. Rupert Barron has been a licensed attorney

since 1991 and regularly represents national, regional and local financial institutions in a broad variety of commercial and consumer account disputes. The biographies of the professionals who worked on this bankruptcy case during the Application Period are attached hereto as Exhibit B.

H. Nature and Length of Attorney – Client Relationship

25. Prior to the representation of PlainsCapital in this bankruptcy case, H&W did not have a previous relationship with Mr. James, Ms. Perry, Mr. Tomasello or the Debtor. H&W has represented PlainsCapital in state and federal cases, including bankruptcy cases, for several years.

I. Undesirability of the Case

26. This category is not applicable.

J. Results and Benefits to the Estate

27. The funds held in the Debtor's bank accounts were unfrozen. The Debtor maintains one account as a depository account and another account for retainage for this Application. A hearing was held and the Debtor was able to pay its employees and certain creditors subject to court approval. Due to the conflicting banking instructions received by PlainsCapital pre-bankruptcy by various Debtor representatives, an emergency motion was necessary to obtain entry of the order unfreezing the accounts. Additionally, pursuant to B.R. 2016 this fee application was necessary.

WHEREFORE, PREMISES CONSIDERED, H&W submit that under all of the criteria normally examined in bankruptcy cases and based on the factors considered in accordance with Bankruptcy Rule 2016, an allowance of compensation and reimbursement of expenses in the amounts requested is appropriate. H&W respectfully requests that the Court enter an order (1) granting its fees for the period April 14, 2017, through May 27, 2022, in the amount of $16,559.70; (2) granting expenses incurred from April 14, 2017, through May 27, 2022, in the amount of $0.00;

20110505,20220259/4326330.1

(3) granting final approval of the fees and expenses requested in this Application; (4) authorizing H&W's fees and expenses to be paid out of the Debtor's bank account ending in 3000 held at PlainsCapital; (5) authorizing the sums on deposit in excess of this award be forwarded and released to the Chapter 11 Trustee at his direction; (6) in the event a hearing is held, grant H&W $590.00 for attending the hearing to approve this fee application; and (7) granting such other and further relief as is just and proper.

Respectfully submitted this 24th day of May, 2022.

                              HIRSCH & WESTHEIMER, P.C.

                              By: */s/ Michael J. Durrschmidt*
                                    Michael J. Durrschmidt
                                    Texas Bar No. 06287650
                                    Kim Lewinski
                                    Texas Bar No. 24097994
                                    1415 Louisiana, Floor 36
                                    Houston, Texas 77002
                                    Telephone: 713-220-9165
                                    Facsimile: 713-223-9319
                                    E-mail: mdurrschmidt@hirschwest.com
                                    E-mail: klewinski@hirschwest.com

                              **ATTORNEYS FOR PLAINSCAPITAL BANK**

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2022, a copy of the foregoing was served via first class mail, postage prepaid, and/or via the Clerk of the Court through the ECF system, and to the following parties pursuant to Local Rule 2016-1(c):

SERVICE ONE, LLC
4801 Keller Springs Road
Addison, Texas 75001
***DEBTOR***

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
c/o Christopher J. Moser
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
Telephone: (214) 880-1805
cmoser@qslwm.com (Email)
***PROPOSED ATTORNEYS FOR DEBTOR***

MARK A. WEISBART
10501 N Central Expy, Suite 106
Dallas, TX 75231
(972) 755-7103 Phone/Fax
MWeisbart@HaywardFirm.com
***SUBCHAPTER V TRUSTEE***

HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, TX 75231
(972) 755-7103 Phone/Fax
MWeisbart@HaywardFirm.com
***PROPOSED COUNSEL FOR SUBCHAPTER V TRUSTEE***

OFFICE OF THE U.S. TRUSTEE
110 N. College Ave., Suite 300
Tyler, Texas 75702
***UNITED STATES TRUSTEE***

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt