## N THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>SERVICE ONE, LLC<br><br>　　　　　　　　　　Debtor | Case No. 22-40503<br>Chapter 11<br>(Subchapter V) |

## TRUSTEE'S APPLICATION TO APPROVE
## EMPLOYMENT OF WELLBORN, INC. AS CONSULTANT

YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.

NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

Mark A. Weisbart, SubV chapter 11 trustee ("Trustee") in the above-referenced bankruptcy case files this *Application to Approve Employment of Wellborn, Inc. as Consultant* (the "Application") seeking authority to engage Wellborn, Inc. as a consultant pursuant to 11 U.S.C. § 328 (the "Bankruptcy Code") and respectfully shows the Court the following:

　　　　1.　　On April 21, 2022 (the "Petition Date"), Service One, LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. Per its designation on its Petition, the Debtor is proceeding under Subchapter V of Chapter 11 in accordance with section 1182 of the Bankruptcy Code (the "SubV Designation").

　　　　2.　　Thereafter, Mark A. Weisbart was appointed the Subchapter V Trustee for this case pursuant to section 1183 of the Bankruptcy Code.

　　　　3.　　The Debtor operates a construction business primarily involved in the remodel and

renovation of single-family homes for customers operating in the "single family rental space." Currently, the Debtor has seventeen (17) employees and utilizes eight (8) independent contractors in its day-to-day management and operations. In addition to these individuals, the Debtor engages, as of the Petition Date, the services of approximately forty-six (46) subcontractors (the "Subcontractors") to provide the labor and skills required to perform the necessary tasks to undertake and complete its construction projects (the "Projects"). Currently, the Debtor is involved in about sixty to seventy (60-70) Projects at various stage of completion.

4. By its *Order Removing the Debtor from Possession and Authorizing Subchapter V Trustee to Operate the Business of the Debtor* [Doc 35] entered on April 29, 2022 (the "Trustee Order") the Court removed the Debtor as debtor in possession and vested the Trustee with authority to operate the Debtor's business and manage its assets in accordance with 11 U.S.C. § 1183(b)(5).

5. Given the nature of the Debtor's business the Trustee seeks to employ Wellborn, Inc. ("Wellborn") as his home construction consultant. In that capacity, Wellborn will provide the Trustee the following services (the "Services"):

    a. Advice involving on-going operational issues relating to or experienced by the Debtor;

    b. Assistance with and the supervision of its construction projects and jobs and oversight functions; and

    c. Performance of all other consulting services and provision of such other advice, analyses and evaluations as the Trustee may require in his sound business judgment.

6. Trustee believes that Wellborn is uniquely qualified to provide the Services to the Trustee and that its Services will significantly aid in advancing the Debtor's reorganization. As reflected in the *Affidavit of Todd Wellborn* (the "Affidavit") attached hereto as Exhibit "A," Wellborn has over twenty-seven (27) years of extensive experience in the homebuilding and remodeling industry.

7. Except as set forth in the Affidavit, Wellborn (i) represents no interests adverse to the Debtor or any other entity in connection with this case and is a "disinterested persons" within the meaning of 11 U.S.C. § 101(14); and (ii) has no connection with the Debtor, any of its creditors or any other party-in-interest or their respective attorneys, and accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

8. Based on statements contained in the Affidavit, the Trustee believes that Wellborn represents no adverse interest to the Trustee or to the bankruptcy estate in the matters for which he is to be engaged and is a disinterested person. *See Talsma*, 2010 Bankr. LEXIS 3285 (Bankr.N.D.Tex. 2010)(interpreting Sections 327(a) and 1107(b).

9. Subject to Court approval, Wellborn has agreed to provide the Services to the Trustee at the rate of $150.00 per hour, plus reimbursement of expenses. Trustee proposes to pay Wellborn's reasonable fees and its expenses upon submission and Court approval of fee applications supported by statements to the Court, the United States Trustee, and any parties-in-interest in this case, setting forth in reasonable detail the description of services rendered, the time spent, and detail of expenses incurred. Such fee applications may be submitted with such frequency as may be allowed pursuant to the Bankruptcy Code.

10. As the Services Wellborn provides will significantly aid in furthering the Debtor's reorganization efforts, Trustee believes its employment is in the best interest of this bankruptcy estate.

11. Trustee further requests that Wellborn's employment by and on behalf of the bankruptcy estate continue without further application to and order of the Court in the event the case is converted to chapter 7.

12. Trustee further requests that Wellborn's employment be made effective as of May 10, 2022.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order approving the employment of Wellborn, Inc. as consultant under the terms specified above, and for such other and further relief to which he may show himself to be justly entitled.

> Respectfully Submitted,
>
> /s/ Mark A. Weisbart
> Mark A. Weisbart
> Texas Bar No. 21102650
> HAYWARD PLLC
> 10501 N Central Expy, Suite 106
> Dallas, TX 75231
> (972) 755-7103 Phone/Fax
> mweisbart@haywardfirm.com
>
> SUBCHAPTER V TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the parties on the attached mailing list in accordance with LBR 9013(f) either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 3rd day of June 2022.

> /s/ Mark A. Weisbart
> Mark A. Weisbart

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| IN RE:<br><br>SERVICE ONE, LLC<br><br>Debtor | Case No. 22-40503<br>Chapter 11<br>(Subchapter V) |
|---|---|

## AFFIDAVIT OF TODD WELLBORN IN SUPPORT OF TRUSTEE'S APPLICATION TO APPROVE EMPLOYMENT OF WELLBORN, INC. AS CONSULTANT

STATE OF CALIFORNIA            §
                               §
COUNTY OF LOS ANGELES          §

BEFORE ME, the undersigned authority, on this day personally appeared Todd Wellborn who, after being duly sworn, upon her oath deposed and stated as follows:

1. "My name is Todd Wellborn. I am more than twenty-one (21) years of age and am competent and authorized to make this Affidavit. I have personal knowledge of the facts set forth herein.

2. I am the president and sole shareholder of Wellborn, Inc. ("Wellborn"). Wellborn's mailing address is P.O. Box. 195266, Dallas, TX 75219. This Affidavit is being submitted in support of the application of Mark A. Weisbart, the SubV chapter 11 trustee, seeking to employ Wellborn pursuant to 11 U.S.C. §328 as a construction consultant to assist with the reorganization efforts of Service One, LLC (the "Debtor"). In that capacity, Wellborn will provide the Trustee the following services (the "Services"):

   a. Advice involving on-going operational issues relating to or experienced by the Debtor;

   b. Assistance with and the supervision of its construction projects and jobs and oversight functions; and

   c. Performance of all other consulting services and provision of such other advice, analyses and evaluations as the Trustee may require in his sound business judgment.

3. Wellborn has been in the homebuilding industry for twenty-seven (27) years, which experience includes new home construction, home remodeling, home subdivision development and condo and townhome construction.

4. To the best of my knowledge, Wellborn does not hold or represent any interest adverse to the Debtor or its estate in the matters upon which it is to be engaged. To the best of my knowledge, Wellborn does not have any connection with the Debtor, its creditors, Wellborn has no prior and/or current work being performed for the Trustee which involves any matter connected with this case. Wellborn is not a creditor of the Debtor, and it is not owed any money from the Debtor. To the best of my knowledge Wellborn has no prior or current connections with the Debtor, its members, any parties-in-interest, their respective attorneys and accountants, or the U.S. Trustee, or any person employed in the Office of the U.S. Trustee, other than as set forth herein, save and except that I am a personal friend of James Brouner, an attorney with the law firm Hayward, PLLC, counsel for the Trustee.

5. I have reviewed a list of the Debtor's creditors and have determined that, to the best of my knowledge, Wellborn has no prior or current connections with those parties.

6. Based on the foregoing, I believe that Wellborn is a "disinterested person" as that term is defined in § 101(14) and 327 of the Bankruptcy Code. Should I discover that Wellborn holds any material adverse associations, Wellborn will make the appropriate disclosure by supplemental affidavit.

Exhibit "A"

7. No promises have been received by Wellborn as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

8. Wellborn has agreed to provide the Trustee the Services and bill the estate at an hourly rate of $150.00, plus reimbursement of expenses.

9. Wellborn will apply for compensation for services rendered and reimbursement of expenses incurred as required by 11 U.S.C. §§ 328, 330 and 331 and the applicable federal and local rules of bankruptcy procedure.

10. Wellborn has no agreement, and will make no agreement, for the sharing of any compensation which may be awarded to me in, or in connection with this case, with any other person, other than the shareholders of Wellborn.

11. No retainer has been given to Wellborn with regard to professional services to be rendered on behalf of the Trustee in this case.

12. The foregoing constitutes the statement of Todd Wellborn pursuant to 11 U.S.C. §§ 328(c) and 504 and Bankruptcy Rules 2014 and 2016(b).

13. To the best of my knowledge, the information contained herein is true and accurate."

TODD WELLBORN

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA §
§
COUNTY OF LOS ANGELES §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Todd Wellborn, known to me to be the duly authorized agent for the person whose name is subscribed to the foregoing Affidavit, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

SUBSCRIBED TO AND SWORN TO BEFORE ME this 11th day of May 2022.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission Expires: Feb 3, 2025

NOTARY PUBLIC IN AND FOR
THE STATE OF ~~TEXAS~~ California

ERIKA RODRIGUEZ
Notary Public - California
Los Angeles County
Commission # 2345040
My Comm. Expires Feb 3, 2025

Affidavit    Page 1

Exhibit "A"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 22-40503<br>Eastern District of Texas<br>Sherman<br>Fri Jun  3 14:46:02 CDT 2022 | 7 Sky Roofing<br>Attn: Brendan O'Connor<br>6302 Windcrest Drive, #925<br>Plano, TX 75024-3013 | ADR Plumbing Co.<br>Attn: Paul Brake<br>3324 Welch Lane<br>Sachse, TX 75048-3187 |
| William Todd Albin<br>5665 Dallas Parkway, Suite 200<br>Frisco, TX 75034-7373 | American Express<br>PO Box 981535<br>El Paso, TX 79998-1535 | Arbor Contract Carpet, Inc.<br>PO Box 675096<br>Dallas, TX 75267-5096 |
| James S. Brouner<br>Hayward PLLC<br>10501 N Central Expy, Suite 106<br>Dallas, TX 75231-2203 | Creations Granite & Marble<br>1726 Oldfield Dr.<br>Dallas, TX 75217-1433 | Michael Durrschmidt<br>1415 Louisiana, 36th Floor<br>Houston, TX 77002-7360 |
| Ferguson<br>PO Box 847411<br>Dallas, TX 75284-7411 | Fix It Right Plumbing<br>PO Box 1201<br>Burleson, TX 76097-1201 | Glass FX, LLC<br>1671 Riverview Dr.<br>Colony, TX 75056-4813 |
| Katie Elizabeth Hankard<br>Zwicker & Associates, P.C.<br>80 Minuteman Road<br>PO Box 9043<br>Andover, MA 01810-0943 | Hernandez Multi Contracting LLC<br>4801 Keller Springs Rd.<br>Addison, TX 75001-5912 | Home Depot Credit Services<br>PO Box 790340<br>St. Louis, MO 63179-0340 |
| Jesus Contreras<br>900 Via Balboa<br>Mesquite, TX 75150-3014 | Jose Portillo<br>2901 Runnels St.<br>Fort Worth, TX 76106-7459 | M S International, Inc.<br>12845 Valley Branch Lane<br>Farmers Branch, TX 75234-5813 |
| MFS Supply<br>31100 Solon Road, Suite 16<br>Solon, OH 44139-3463 | Brandi J. McKay<br>Brown Fox PLLC<br>6303 Cowboys Way<br>Suite 450<br>Friso, TX 75034-1956 | Morosco Supply<br>PO Box 841183<br>Dallas, TX 75284-1183 |
| Christopher J. Moser<br>Quilling Selander Lownds Winslett Moser<br>2001 Bryan Street<br>Suite 1800<br>Dallas, TX 75201-3070 | Faizan (Frank) S. Patel<br>Quilling Selander Lownds Winslett Moser<br>2001 Bryan Street<br>Ste 1800<br>Dallas, TX 75201-3070 | Marcus Salitore<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702-7231 |
| Patrick J. Schurr<br>Scheef & Stone, L.L.P.<br>2600 Network Boulevard<br>Suite 400<br>Frisco, TX 75034-6010 | Service One, LLC<br>4801 Keller Springs Road<br>Addison, TX 75001-5912 | Sherwin Williams (6288-6)<br>909 Gross Road<br>Mesquite, TX 75149-2100 |
| Sherwin Williams (7487-2)<br>909 Gross Road<br>Mesquite, TX 75149-2100 | Laurie A. Spindler<br>Linebarger, Goggan, Blair & Sampson<br>2777 N. Stemmons Frwy Ste 1000<br>Dallas, TX 75207-2328 | Star Window Coverings LLC<br>2030 East Arbrook Blvd., Ste. 180<br>Arlington, TX 76014-3798 |

| | | |
|---|---|---|
| Trash Chomper LLC<br>4801 Keller Springs Road<br>Addison, TX 75001-5912 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | Mark A WEISBART (SBRA V)<br>Subchapter V Trustee<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 |

(p)MARK A  WEISBART
ATTN THE LAW OFFICE OF MARK A WEISBART
10501 N CENTRAL EXPY SUITE 106
DALLAS TX 75231-2203

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Mark A. Weisbart<br>Chapter 7 Bankruptcy Trustee<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 | (d)Mark A. Weisbart<br>Hayward PLLC<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 | End of Label Matrix<br>Mailable recipients   33<br>Bypassed recipients    0<br>Total                 33 |