IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>SERVICE ONE LLC<br><br>Debtor | Case No. 22-40503<br>Chapter 7 |

**TRUSTEE'S OBJECTION TO CLAIM OF CHARLES TOMASELLO, CLAIM NO. 22-2**

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.** ACCORDINGLY, YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU DO NOT WISH FOR THE COURT TO ELIMINATE OR CHANGE YOUR CLAIM, YOU MUST FILE A WRITTEN RESPONSE OPPOSING THE CLAIM OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR THAT RESPONSE.

NO HEARING WILL BE CONDUCTED ON THIS CLAIM OBJECTION UNLESS A WRITTEN RESPONSE IN OPPOSITION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING **WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE** LISTED IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IN OPPOSITION IS TIMELY SERVED AND FILED, THIS CLAIM OBJECTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER SUSTAINING THE OBJECTION TO YOUR CLAIM. IF A RESPONSE IN OPPOSITION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR RESPONSE IN OPPOSITION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

COMES NOW, Mark A. Weisbart, the Chapter 7 Trustee of the bankruptcy estate of Service One, LLC (the "Trustee"), files this *Objection to the Claim of Charles Tomasello, Claim No. 22-2* objecting to the proof of claim filed by or on behalf of Charles Tomasello ("Tomasello"). In support of this objection, the Trustee would respectfully show the Court the following:

### I. JURISDICTION

1. This Court has jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference for the United States District Court for the Eastern District of Texas.

2. This objection is brought pursuant to Section 502 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure. This proceeding constitutes a core matter pursuant to 28 U.S.C. § 157(b)(1)(A) and (B).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Procedural Background

4. On April 21, 2022 (the "Petition Date"), Service One, LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code under Subchapter V of Chapter 11 in accordance with section 1182 of the Bankruptcy Code.

5. Thereafter, Mark A. Weisbart was appointed the Subchapter V Trustee for the Debtor's case pursuant to section 1183 of the Bankruptcy Code.

6. At the time of the Petition Date, the Debtor operated a construction business primarily involved in the remodel and renovation of single-family homes for customers operating in the "single family rental space."

7. By Order entered on April 29, 2022 [Doc 35], the Court granted the Removal Motion and vested the Trustee with authority to operate the Debtor's business and manage its assets in accordance with 11 U.S.C. § 1183(b)(5)[1]. Thereafter, the Trustee managed and operated the Business until December 4, 2023, when the Court entered its *Order Granting Truste's Motion to Convert Case to Chapter 7* converting this case to a case under Chapter 7[2].

8. Thereafter, the Trustee was appointed the interim chapter 7 trustee and has since become the permanent chapter 7 trustee.

## III. Factual Background

9. Prior to the Petition Date Tomasello was a member, manager and an officer of the Debtor.

---

[1] Due to disputes between the Sandra Perry and Charles Tomasello ("Tomasello"), two of the Debtor's members, the Debtor on April 25, 2022, filed its *Motion to Remove the Debtor from Possession and Authorize Subchapter V Trustee to Operate the Business of the Debtor* [Doc 14] (the "Removal Motion") seeking to be removed as a debtor in possession pursuant to section 1185 of the Bankruptcy Code and requesting that the Trustee be authorized to manage and operate the Debtor's business pursuant to section 1183(b)(5).

[2] See, *Order Granting Trustee' Motion to Convert Case to Chapter 7* [Doc 226].

10. On June 14, 2022, Tomasello filed a proof of claim in this case asserting an unsecured claim in the amount of $36,254.19, based on unpaid wages and contract labor, denoted on the Court's claim register as Claim 22-1. On December 10, 2022, Tomasello filed an amended claim in the unsecured amount of $78,639.79 (the "Amount") based on unpaid wages, contract labor and Tomasello's personal guaranty (the "Guaranty") to Morsco Supply, LLC ("Morsco"), denoted on the Court's claim register as Claim 22-2 (the "Claim"). A true and correct copy of Claim 22-2 is attached hereto as Exhibit "A."

11. Tomasello asserts that $15,150.00 of the Amount consists of a priority claim for wages, salaries or commissions pursuant to Section 507(a)(4) and the balance constitutes a general unsecured claim. The largest portion of the Amount is based on a certain Default Judgment (the "Judgment") entered in a certain lawsuit styled *Morsco Supply, LLC v. Tomasello*, Cause No. 22-04988, 162nd Judicial District Court, Dallas County, Texas (the "State Court") for Tomasello's Guaranty liability.

12. However, on January 12, 2023, the State Court entered an order vacating the Judgment. Thereafter, the State Court dismissed the state action in August 2023 without any dispositive action in the matter.

13. The Claim includes no documentation that Tomasello has paid or otherwise has satisfied any debt the Debtor owed to Morsco.

14. On April 16, 2024, Morrison Supply Company, on behalf of Morsco, filed a proof of claim asserting an unsecured claim in the amount of $54,318.94, denoted on the claims register as Claim No. 47-1 (the "Morsco Claim"), which is based on a pre-petition balance due on the Debtor's account.

15. On May 9, 2022, the Court entered its *Order Granting Trustee's Emergency Motion Authorizing the Debtor to Pay Pre-Petition Claims of Certain Critical Vendors* [Doc 67]. Pursuant

to this order the Trustee, in his capacity as the SubChapter V Trustee, issued a check to Morsco in the sum of $44,378.33 on May 24, 2022 (the "Morsco Payment").[3]

### IV. OBJECTION TO CLAIM AND REQUESTED RELIEF

16. Trustee objects to the Claim on the following bases:

17. First, the Trustee objects to the Claim to the extent it seeks a claim for unpaid wages or contract labor since no documentation has been provided in support of any such claim.

18. Second, to the extent Tomasello has presented a prima facie claim for wages or contract labor, the Trustee objects to the priority of same under Section 507(a)(4) as there is no documentation that the amount of any such allowable claim totals at least $15,150. To the extent any such amount does not aggregate such amount the request for priority must be limited to the amount proven.

19. Third, the Trustee objects, pursuant to Section 502(e), to the asserted right to payment based on the Judgment or the Guaranty liability on the basis that (i) the Morsco Claim should be disallowed as it has been satisfied by the Morsco Payment, and (ii) no documentation has been presented that Tomasello has paid or otherwise satisfied any portion of the Morsco Claim, and thus, any reimbursement or contribution right remains contingent.

### V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Trustee prays that the Court sustain this objection, disallow the Claim as requested above and grant him such further relief as this Court deems fair and equitable.

---

[3] Check No 1207 made payable to Morsco Supply cleared the Trustee's account on June 6, 2022.

Respectfully Submitted,

/s/ James S. Brouner
Mark A Weisbart
Texas Bar No. 21102650
James S. Brouner
Texas Bar No. 03087285
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, Texas 75231-2203
(972) 755-7107 Phone/Fax
MWeisbart@haywardfirm.com
JBrouner@haywardfirm.com

COUNSEL FOR CHAPTER 7 TRUSTEE

### TRUSTEE'S DECLARATION UNDER LOCAL BANKRUPTCY RULE 3007(a)(2)

I, Mark A. Weisbart, the Chapter 7 Trustee, hereby declare under penalty of perjury that I have read the foregoing Objection to the Proof of Claim and that the factual allegations made in such Objection are true and correct to the best of my knowledge, information and belief.

Date: July 31, 2024               /s/ Mark A Weisbart
                                  Mark A Weisbart

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the below party as well as the parties listed on the attached mailing list in accordance with LBR 9013(f) either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid no later than the 1st day of August 2024.

Charles Tomasello
7936 Biship Rd
Plano, TX 75024

                                  /s/ Mark A Weisbart
                                  Mark A Weisbart

**Fill in this information to identify the case:**

Debtor 1  Service One, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Eastern District of Texas**

Case number: **22−40503**

FILED
U.S. Bankruptcy Court
Eastern District of Texas
12/10/2022
Jason K. McDonald, Clerk

Official Form 410
# Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Charles Tomasello

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Charles Tomasello
Name

7936 Bishop Rd.
Plano, TX 75024

Contact phone  228.323.0757
Contact email  chucktomasello@gmail.com

Where should payments to the creditor be sent? (if different)

Name

Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known)  22   Filed on  06/14/2022
                                                                           MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

Official Form 410          Proof of Claim          page 1

Exhibit "A"

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. How much is the claim? | $ 78639.79    **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>contract labor/wages and Morsco guaranty and default judgment |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:   $ _____<br>Amount of the claim that is secured:   $ _____<br>Amount of the claim that is unsecured:   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:   $ _____<br><br>Annual Interest Rate (when case was filed)   _____ %<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410    Proof of Claim    page 2

Exhibit "A"

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No
☑ Yes. *Check all that apply*:

**Amount entitled to priority**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ 15150.00

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies   $ _____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/10/2022
MM / DD / YYYY

/s/  /s/ Charles Tomasello
Signature

Print the name of the person who is completing and signing this claim:

Name     /s/ Charles Tomasello
         First name   Middle name   Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer

Address  7936 Bishop Road
         Number   Street
         Plano, 75024
         City   State   ZIP Code

Contact phone   2283230757     Email   chucktomasello@gmail.com

Official Form 410                    Proof of Claim                    page 3

Exhibit "A"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 22-40503<br>Eastern District of Texas<br>Sherman<br>Wed Jul 31 15:13:19 CDT 2024 | Randall F. Adair<br>Adair, Morris & Osborn, P.C.<br>325 N. St. Paul Street<br>Suite 4100<br>Dallas, TX 75201-3848 | William Todd Albin<br>5665 Dallas Parkway, Suite 200<br>Frisco, TX 75034-7373 |
| Misti L. Beanland<br>8131 LBJ Freeway, Ste. 700<br>Dallas, TX 75251-1352 | James S. Brouner<br>Hayward PLLC<br>10501 N Central Expy, Suite 106<br>Dallas, TX 75231-2203 | Jeff Carruth<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>2608 Hibernia, Suite 105<br>Dallas, TX 75204-2514 |
| Michael Durrschmidt<br>1415 Louisiana, 36th Floor<br>Houston, TX 77002-7360 | Christopher J. Dylla<br>Office of the AZ Attorney General<br>Bankruptcy Collections & Enforcement<br>2005 N Central Ave<br>Phoenix, AZ 85004-1545 | Katie Elizabeth Hankard<br>Zwicker & Associates, P.C.<br>80 Minuteman Road<br>PO Box 9043<br>Andover, MA 01810-0943 |
| Katherine T. Hopkins<br>Kelly Hart Hallman<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102-3194 | Courtney Hull<br>Office of the Attorney General<br>300 West 15th Street<br>Austin, TX 78701-1649 | Sherrel K. Knighton<br>Linebarger, Goggan Blair & Sampson<br>2777 N. Stemmons Frwy Ste 1000<br>Dallas, TX 75207-2328 |
| Brandi J. McKay<br>Brown Fox PLLC<br>6303 Cowboys Way<br>Suite 450<br>Friso, TX 75034-1956 | Christopher J. Moser<br>Quilling Selander Lownds Winslett Moser<br>2001 Bryan Street<br>Suite 1800<br>Dallas, TX 75201-3070 | Faizan (Frank) S. Patel<br>Matheson Tri-Gas<br>909 Lake Carolyn Pkwy<br>Ste 1100<br>Irving, TX 75039-3930 |
| Marcus Salitore<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702-7231 | Patrick Joseph Schurr<br>Scheef & Stone, LLP<br>2600 Network Boulevard<br>Ste 400<br>Frisco, TX 75034-6010 | Service One, LLC<br>4801 Keller Springs Road<br>Addison, TX 75001-5912 |
| Howard Marc Spector<br>Spector & Cox, PLLC<br>12770 Coit Rd<br>Suite 850<br>Dallas, TX 75251-1364 | Laurie A Spindler<br>Linebarger, Goggan, Blair & Sampson<br>2777 N. Stemmons Frwy Ste 1000<br>Dallas, TX 75207-2328 | John Kendrick Turner<br>Linebarger Goggan Blair & Sampson, LLP<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207-2328 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | (p)MARK A WEISBART<br>ATTN THE LAW OFFICE OF MARK A WEISBART<br>10501 N CENTRAL EXPY SUITE 106<br>DALLAS TX 75231-2203 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Mark A. Weisbart<br>Chapter 7 Bankruptcy Trustee<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 | (d)Mark A. Weisbart<br>Chapter 7 Bankruptcy Trustee<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 | (d)Mark A. Weisbart<br>Hayward PLLC<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 |

**End of Label Matrix**
Mailable recipients    22
Bypassed recipients     0
Total                  22